**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21993 (JJT) |
| | ) | | |
| RICHARD P. SIMONE, | ) | CHAPTER | 7 |
|     DEBTOR. | ) | | |
| | ) | | |
| ANDREW WOOLF, ANDREW KATZ, | ) | | |
| AND ELENA VAGNEROVA, | ) | ADV. PRO. NO. | 19-02005 (JJT) |
|     PLAINTIFFS | ) | | |
| | ) | RE: ECF NOS. | 1, 9, 10, 17 |
| V. | ) | | |
| | ) | | |
| RICHARD P. SIMONE, | ) | | |
|     DEFENDANT. | ) | | |
| | ) | | |

**RULING DENYING DEFENDANT'S MOTION TO**
**STRIKE AND SUSTAINING PLAINTIFFS' OBJECTION**

I.    INTRODUCTION

On March 15, 2019, Andrew Woolf, Andrew Katz, and Elena Vagnerova (collectively, "Plaintiffs") brought the present Adversary Proceeding by filing the 80-page Complaint (ECF No. 1) against Richard P. Simone ("Debtor") for fraud. They seek to have this Court either deem certain debt owed to them nondischargeable under 11 U.S.C. §§ 523(a)(2)(A)–(B), (4), and (6) or, alternatively, deny the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(3) and (4)(A). On April 24, 2019, the Debtor filed a Motion to Strike Various Allegations of the Complaint ("Motion to Strike," ECF No. 9) with a supporting Memorandum of Law (ECF No. 10) arguing (1) that the Plaintiffs' Complaint includes several pages and exhibits that violate the Federal Rules of Evidence and (2) that the Complaint is unduly burdensome under Fed. R. Civ. P. 8(d)(1). The Plaintiffs interposed an Objection to the Motion to Strike (ECF No. 17) on May 15, 2019. Shortly thereafter,

the Court held hearings on the dispute on May 16, 2019 and June 12, 2019. For the following reasons, the Court SUSTAINS the objection and DENIES the Motion to Strike.

## II. JURISDICTION

This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J). Venue is proper under 28 U.S.C. § 1409(a). The parties consent to entry of final orders and judgment in this Adversary Proceeding. Compl. 2, ECF No. 1; Mot. to Strike 2, ECF No. 9.

## III. BACKGROUND FACTS

The Plaintiffs allege that they hold a combined total of $495,000.00 in general unsecured claims against the Debtor from a fraudulent, fake, and non-existent real estate transaction that they entered into with the Debtor, beginning in 2007.

As alleged in the Complaint, the Debtor was a stock broker in the 1990s and eventually pled guilty to multiple white collar crimes in New York State Court, serving time in prison. He was disbarred by the SEC and National Association of Securities Dealers and prohibited from associating with any broker dealer. In 2007, he allegedly approached the Plaintiffs with an investment opportunity to purchase an entire floor of a preconstructed building in Dubai. The Plaintiffs wired a collective $495,000.00 to his accomplices. In exchange, the Plaintiffs were to receive a share of the investment and rents from the property. The Debtor allegedly provided two fake contracts to the Plaintiffs to evidence the real estate transaction and made several false statements about the other investors providing additional funds for the building and the progress of the project.

The Debtor argues that numerous, detailed allegations in the Complaint are prejudicial or immaterial surplusage and should be struck from the Complaint.

IV.     CONCLUSIONS OF LAW

A motion to strike may be granted where a pleading contains "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Disfavorably viewed and rarely granted, motions to strike carry a heavy burden, and the Debtor faces an uphill battle in challenging the Complaint. *In re Lehman Bros. Holdings Inc.*, 474 B.R. 441, 446 (Bankr. S.D.N.Y. 2012). To prevail, the Debtor will need to show that: "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 16 (D. Conn. 2013) (citations and internal quotation marks omitted); *see also Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976) ("[C]ourts should not tamper with the pleadings unless there is a strong reason for so doing." (citations omitted)).

"Evidentiary questions . . . should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." *Lipsky*, 551 F.2d at 893. Evidential facts that provide background or insight to the complaint as a whole or on the relationship between the parties need not be stricken. *Nextel of N.Y., Inc. v. City of Mount Vernon*, 361 F. Supp. 2d 336, 340 (S.D.N.Y. 2005). "A motion to strike based on inadmissibility of evidence will fail if there is any possibility that the pleading could form the basis for admissible evidence." *Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chems. Co.*, No. 94-8304, 1995 WL 380106, at *2 (S.D.N.Y. June 26, 1995) (citation and internal quotation marks omitted).

Much of the Complaint includes testimony from prior judicial proceedings, comparison of handwriting samples and contracts, some hearsay, and argument to be made at trial. The Complaint also includes information about the Debtor's past criminal and civil history. As the Plaintiffs allege fraud, a heightened specificity is required, and the proper pleadings standard is laid out in Fed. R. Civ. P. 9(b). *See, e.g.*, *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290–91 (2d Cir. 2006). This level of specificity should be supported by sufficient facts providing an inference of fraudulent intent. *Id.* At this juncture, the Court cannot say that any of this material has absolutely no possible bearing on the serious allegations that the Plaintiffs raise, as much of the evidentiary facts pled provide context and a clearer picture for the Court as it reads the Complaint. And, as the Plaintiffs admitted at the June 12, 2019 hearing, a mere allegation in a complaint does not "automatically render[] the allegation admissible at trial." *Blevins v. Piatt*, No. 15-1551, 2015 WL 7878504, at *6 (D. Md. Dec. 4, 2015). The Debtor has failed to meet its high burden of proof.

Where the Debtor concerns himself with the prejudice that the allegations could fuel in the reader, he can rest assured that this Court, as neutral arbiter and factfinder, is able to differentiate between legal argument and hyperbolic, unduly argumentative assertions best left for trial. To the extent that the Plaintiffs toe the line and plead evidentiary facts, the Court will determine their admissibility as the case unfolds at trial.

To the extent that the Debtor alleges that the Complaint is unduly burdensome, it is well within the Plaintiffs' right to thoroughly plead their causes of action. Including more facts than is necessary to state a claim for relief—in essence, overpleading—is not a reason to grant a motion to strike. *Id.* at *6 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). The only requirement is that "[e]ach *allegation* must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1) (emphasis added). Statements "should be short because [u]nnecessary prolixity in a pleading

places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation and internal quotation marks omitted). Plaintiffs' allegations are just that, and the fact that it might be challenging for the Debtor to reply to the 318 paragraphs in the Complaint does not make the Complaint fatal in fact. The Plaintiffs are entitled to tell their story as they so choose. *See* 5 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1218 (3d ed. 2019).

V. CONCLUSION

The Objection is **SUSTAINED**, and the Motion is **DENIED** in all respects. The Debtor is **DIRECTED** to answer the Complaint within fourteen (14) days of this Ruling, so that the matter may proceed to trial in due course.

**IT IS SO ORDERED** at Hartford, Connecticut this 12th day of June 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut