## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| RICHARD P. SIMONE | : | CASE NO. 18-21993 (JJT) |
| | : | |
| Debtor | : | |
| | : | |
| ANDREW WOOLF, ANDREW KATZ and | : | ADVERSARY PROCEEDING |
| ELENA VAGNEROVA | : | |
| | : | |
| Plaintiffs | : | NO.:  19-02005 (JJT) |
| | : | |
| V. | : | |
| | : | |
| RICHARD P. SIMONE | : | |
| | : | |
| Defendant | : | MARCH 16, 2020 |
| | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In accordance with Rule 56 fo the Federal Rules of Civil Procedure and Local
Civil Rule 56, eth defendant, Richard P. Simone ("Defendant" or Simone) hereby
submits his memorandum of law in opposition to the Plaintiffs' Motion for Summary
Judgment.  For the reasons set forth more fully herein, the Motion is not well taken
and should be denied.

### A.  Summary Judgment Standard.[1]

Summary judgment is appropriate when the record demonstrates that "there is
no genuine dispute as to any material fact and the movant is entitled to judgment as a
matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S.

---

[1] This section on the standard of review governing motions for summary judgment has been
taken verbatim from Goins v. Bridgeport Hospital, 2013 U.S. Dist. LEXIS 41160 (D. Conn.,
Underhill, U.S.D.J.).

242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment).

When ruling on a summary judgment motion, the court must construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson, 477 U.S. at 255; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); see also Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (court is required to "resolve all ambiguities and draw all inferences in favor of the nonmoving party"). When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L. Ed. 2d. 2d 265 (1986); Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991); see also Suburban Propane v. Proctor Gas, Inc., 953 F.2d 780, 788 (2d Cir. 1992). If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted. Anderson, 477 U.S. at 249-50.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. As to materiality, the substantive law will identify which facts are material. Only disputes over facts that

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.  <u>Id</u>. at 247-48.  To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party."  <u>Id</u>. at 248.

If the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof at trial, then summary judgment is appropriate. <u>Celotex</u>, 477 U.S. at 322.  In such a situation, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 322-23; accord, <u>Goenaga v. March of Dimes Birth Defects Found</u>., 51 F.3d 14, 18 (2d Cir. 1995) (movant's burden satisfied if he can point to an absence of evidence to support an essential element of nonmoving party's claim). In short, if there is no genuine issue of material fact, summary judgment may enter. <u>*Celotex,* 477 U.S. at 323</u>.

## B.  The Required Judicial Perspective of Sec. 523 Claims.

A court when deciding claims for exceptions to discharge is obligated to construe the exception narrowly.  *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 66 (2d Cir. 2007).  In keeping with that narrow construction, "genuine doubts should be resolved in favor of the debtor."  <u>Id</u>.  Such a judicial perspective and decision-making process comports with the Bankruptcy Code's fresh start policy.  *Marrama v. Citizens Bank of Mass*., 549 U.S. 365, 367, 127 S.Ct. 1105 (2007) (fresh start policy is the principal purpose of the code).  The narrow construction of the exceptions to discharge also comports with the "well-known guide that exceptions to discharge should be

confined to those plainly expressed."  <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61, 118 S.Ct. 974 (1998).

### C. The Plaintiffs' Sec. 523(a)(4) Claim (Embezzlement) Cannot Prevail on Summary Judgment and is Greatly Lacking in Proof

In their objection to dischargeability predicated upon 11 U.S.C. § 523(a)(4), the plaintiffs contend that the Defendant committed the crime of embezzlement of the plaintiffs' monies.  Motion at 8.  In order to be entitled to summary judgment on this claim, the plaintiffs have the burden of proving that the evidence is reasonably susceptible to only one construction and that such a construction compels the conclusion that the Defendant embezzled their funds.  The plaintiffs cannot possibly meet that burden and they manifestly have not met that burden.

A review of the Simone Declaration and the exhibits thereto explains what happened to the plaintiffs' money – that their money was lost in a real estate transaction where a breach occurred and the developer retained the payments as contract damages.  The Plaintiffs have proffered no credible evidence that their monies were not put into the pooled asset acquisition project and ultimately retained by the developer as damages.  The plaintiffs' cast aspersions at the involvement of Stefan Bode as an intermediary who for a time held funds, but the inescapable fact is that plaintiff Vagnerova directed her sister to send the money to Stefan Bode, and likewise plaintiff Woolf authorized the delivery of monies to Stefan Bode.  Stefan Bode wrote a 710,000 AED check to Damac Properties within a relatively short period of time thereafter.  So, too, the Defendant has adduced evidence to prove that another 2,000,000 AED went into the deal.  There is no possibility that summary judgment could enter against the Defendant on this count (or on any of the other counts, either).

Inasmuch as in their Motion the plaintiffs also allege that the Defendant stole their money, it is unclear whether they have asserted a claim only of stealing through embezzlement, as distinguished by outright larceny.  Accordingly, in the Sec. 523(a)(4) analysis, the Defendant will address both the express claim of embezzlement as well as a potentially implied claim of larceny by other means.

Federal common law is the means by which embezzlement is defined for the purposes of Section 523(a)(4), and it has the following definition" "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Conn. Attorneys Title Ins. Co. v. Budnick (In re: Budnick)*, 469 B.R. 158, 176 (Bankr. D. Conn. 2012)(internal quotations omitted); *In re Rivera*, 217 B.R. 379, 385 (Bankr. D. Conn. 1998). There are two essential elements for embezzlement. First, that the subject funds were appropriated by the Defendant for his own benefit. Id. Second, that such appropriation was done with "fraudulent intent or deceit." Id. An evaluation of the facts and circumstances surrounding an act of appropriation may be the means by which fraudulent intent may be determined, inasmuch as there rarely is direct evidence of fraudulent intent. *3N Int'l Inc. v. Carrano (In re Carrano)*, 530 B.R. 540, 558 (Bankr. D. Conn. 2015).

Here, neither essential element has been established. The Defendant has adduced evidence that, if credited by the court, would establish that the plaintiffs' funds were paid over to Damac Properties towards the acquisition of a floor in the Burjside Boulevard real estate development project for a pooled asset acquisition with the plaintiffs (and others, including the Defendant himself and the Defendant's parents). See Declaration of Richard P. Simone ("Simone Decl.") at ¶¶ 11-35 and exhibits referenced therein. The Plaintiffs have mustered absolutely no proof that their funds were not paid over to Damac Properties for such a purpose. The plaintiffs contend that it was improper for their funds to have been transmitted first to Stefan Bode, but Plaintiff Vagnerova instructed her sister to wire her $120,000 funds directly to Stefan Bode, and Plaintiff Woolf signed a letter authorizing the transfer of funds to Stefan Bode. See Defendant's Proposed Trial Exh. 33 (Testimony of Elena Vagnerova at pp. 64-65) and Exhibit O (at p. 1) thereto; and Defendant's Proposed Trial Exhibit 29 (Testimony of Andrew Woolf) at 19, 20, 31-34, 75-76) and Exhibit B (at p. 1) thereto. Thus, the contention that Stefan Bode, as an intermediary holder of funds, is somehow improper does not hold water.

The plaintiffs have also proffered no evidence of what happened to their funds after they were placed with Stefan Bode.  The Declaration of Donna Hill establishes that the correspondent Standard Charter Bank that produced certain bank records does not have access to records of account transactions of Stefan Bode's bank account at Standard Charter Dubai.  Defendant's Trial Exhibit 1 (Declaration (and Certification) of Donna Hill dated December 16, 2019 at ¶¶ 2-6 and Exhibit B thereto at p. 1).  Thus, the proffered Exhibit 51 cannot speak to what happened to the funds after they were wired to Stefan Bode.    Accordingly, the plaintiffs have nothing to rebut the Defendant's evidence that the monies comprising the plaintiffs' funds were ultimately paid over to Damac Properties towards the acquisition of a floor in the Burjside Boulevard development project for the pooled asset acquisition with the plaintiffs.  Given that there was no evidence of an appropriation of the plaintiffs' funds to begin with, the second essential element cannot possibly be met.

Larceny is also a ground that, if alleged and established, would except a debt from being discharged in bankruptcy.  See 11 U.S.C. § 523(a)(4). Larceny is defined as follows: "the fraudulent and wrongful taking and carrying away of the property of another with the intent to convert the property to the taker's use without the consent of the owner." 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 523.10[2], p. 523-77 (16th ed.); *Ramos*, 217 B.R. at 385. In order to prove larceny under § 523(a)(4), there must be a showing of "fraudulent intent in the wrongful taking of the property of another." *FDIC v. Roberti (In re Roberti)*, 201 B.R. 614, 621 (Bankr. D. Conn. 1996) (internal quotations omitted).  Larceny differs from embezzlement in that, with the former, it is the original taking of the property that must be unlawful. See *Farina v. Balzano (In re Balzano)*, 127 B.R. 524, 533 (Bankr. E.D.N.Y. 1991) (creditor failed to establish fraudulent inducement; creditor failed to establish that fiduciary relationship arose out of romantic relationship).

Here again, as with the allegation of embezzlement, there is absolutely no evidence of a taking of the plaintiffs' funds by the Defendant, nor of any intent by the Defendant to convert the plaintiffs' property to the Defendant's own use.  Instead,

what the evidence shows is that the plaintiffs' funds were paid over to Damac

Properties towards the acquisition of a floor in the Burjside Boulevard development

project in a pooled acquisition with the plaintiffs (and others, including the Defendant

himself and the Defendant's parents).

### D. Plaintiffs' Willful and Malicious Injury Claim – Brought Under Sec. 523(a)(6) – Cannot Meet Summary Judgment Strictures and Must Fail on This Motion.

The plaintiffs have not met their burden of proving that there has been a willful

and malicious injury by the Defendant to the plaintiffs or their property, and,

therefore, the motion for summary judgment on the claim brought under 11 U.S.C. §

523(a)(6) must fail. As opined by the U.S. Supreme Court,

> [t]he word 'willful' in [§ 523] (a)(6) modifies the word 'injury,' indicating
> that nondischargeability takes a deliberate or intentional injury not
> merely a deliberate or intentional act that leads to injury. Had Congress
> meant to exempt debts resulting from unintentionally inflicted injuries,
> it might have described instead 'willful acts that cause injury.' Or,
> Congress might have selected an additional word or words, i.e., "reckless"
> or "negligent," to modify "injury."

Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974 (1998). "Debts arising from

recklessly or negligently inflicted injuries do not fall within the compass of §

523(a)(6)." Id. at 64.

Willfulness and maliciousness are separate and distinct elements of a §

523(a)(6) claim. The element of malicious injury requires proof that the injury was

"wrongful and without just cause or excuse, even in the absence of personal hatred,

spite or ill-will." *Navistar Fin. Corp. v. Steulluti (In re Steelluti)*, 94 F.3d 84, 87 (2d

Cir. 1996). A court may deduce the existence of malice in the following circumstance:
> where the debtor's conduct giving rise to liability has no potential for
> economic gain or other benefit to the debtor, from which one could only
> conclude that the debtor's motive must have been to inflict harm upon
> the creditor. However, in cases where a Defendant seeks profit or some
> other benefit, the underlying conduct, however deplorable, would not give
> rise to liability under § 523(a)(6) in the absence of some additional,
> aggravating conduct on the part of the Defendant of sufficient gravity to

warrant an inference of actual malice under the Second Circuit decision
in *Stelluti*.

*Syncom Industries, Inc. v. Wood (In re Wood)*, 488 B.R. 265, 280 (Bankr. D. Conn.
2013).

In the case *sub judice*, the Defendant was seeking a profit in dealing with
Damac. The plaintiffs' funds were among the monies that were used to make a 10%
payment in connection with a unit reservation contract for the 19th floor of the
Burjside Boulevard development project in a pooled acquisition with the plaintiffs
(and others, including the Defendant himself and the Defendant's parents). Simone
Decl. ¶¶ 11-35 and exhibits referenced therein. There has been no willful and
malicious injury here.

### E. The Plaintiffs are Improperly Attempting to Bring, for the First Time on Summary Judgment, a Cause of Action That Was Not Pleaded in the 299 Paragraph Complaint; Such Claims are Time-Barred Because the Bar Date Passed Long Ago.

The plaintiffs' claims under 11 U.S.C. § 727 (a)(4)(a) are not properly before the
court. The claims are time-barred. Absolutely nothing in the complaint's 299
paragraphs of substantive allegations asserts that the Defendant made a
misrepresentation or material omission on his bankruptcy petition or on any of the
schedules thereto. See Complaint [ECF No. 1]. The plaintiffs cannot now, many
months after the bar date, make new allegations that the Defendant did not disclose
income earned in the look back years preceding the filing of the petition, or that he
made a false oath with respect to any earnings or income during the look back years.
Likewise, nothing in those 299 paragraphs allege that the Defendant falsely stated
that he is indebted to his parents. These new claims – which assert an entirely
different core of facts than the facts that are the subject matter of the complaint – are
time barred because the bar date under Bankruptcy Rule 4004 passed long ago, and
they cannot now be raised. *Center Bank v. Young*, 428 B.R. 804, 810-11 (Bankr. N.D.
Ind. 2010); *Kennicott Bros. Co. v Fidanovski (In re Fidanovski)*, 347 B.R. 343 (Bankr.
N.D. Ill. 2006) (same). Although the time bar is a good and sufficient reason to deny

(and dismiss these new claims), it is equally well-settled law that new claims cannot be raised on a motion for summary judgment, and the claims made by the plaintiffs under § 727 (a)(4)(a) violate that rule and are impermissible. *Hickey v. State Univ. of New York at Stony Brook Hosp.*, 2012 WL 3064170 (so holding and collecting cases).

### F. Plaintiffs' Sec. 523(a)(2)(A) Claims Cannot Pass Muster on Summary Judgment

Plaintiffs also seek summary judgment on their claims under 11 U.S.C. § 523(a)(2)(A), which provides for exception to discharge "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." The essential elements for such a claim are the following: (1) the debtor made the representation; (2) at the time he knew it was false; (3) he made it with the intention and purpose of deceiving the creditor; (4) the creditor relied on such representation; and (5) the creditor sustained the alleged loss as the proximate cause of the representation. *Mexico Construction and Paving v. Thompson (In re Thompson)*, 511 B.R. 20, 26-27 (Bankr. D. Conn. 2014). The "false representation must relate to present or pre-existing facts and cannot be merely unfulfilled promises or statements of future events." *In re Holzhueter,* 575 B.R. 444, 454-55 (Bankr. W.D. Wis. 2017); *Bank of La. v. Bercier (In re Bercier)*, 934 F.2d 689, 692 (5th Cir. 1991) ("to be a false representation or false pretense under § 523(a)(2), the false representations and false pretenses must encompass statements that falsely purport to depict current or past facts"). "A debtor's promise … related to a future action which does not purport to depict current or past fact … therefore cannot be defined as a false representation or a false pretense." Id.; accord *In re Harwood*, 404 B.R. 366, 389 (Bankr. E.D. Tex. 2009), *aff'd,* 427 B.R. 392 (E.D. Tex. 2010), *aff'd*, 637 F.3d 615 (5th Cir. 2011). The exception to that rule is if a promise is made with an intention to not perform it, then the promise is made fraudulently. *Anastas v. American Savings Bank (In re Anastas)*, 94 F.3d 1280, 1285 (9th Cir. 1996); *Milwaukee Auction Galleries, Ltd. v. Chalk*, 13 F.3d 1107 (7th Cir. 1994).

- 48 -

The plaintiffs' claim that the Term Sheet provided by the Defendant to them constitutes a violation of § 523(a)(2)(A) cannot pass the strictures of summary judgment. The plaintiffs appear to make three main contentions about the Term Sheet. They claim that it was a fake deal, that a fraudulent misrepresentation was made about the Emirates Mall, and that the statement about the intent to get financing is fraudulent. The Simone Declaration denies and is record evidence that is contrary to each of these contentions of the plaintiffs.

### G. The Plaintiffs' Sec. 727(a)(3) Claims Do Not Meet the High Threshold Required for Summary Judgment

The plaintiffs seek the denial of the Defendant's discharge pursuant to 11 U.S.C. § 727(a)(3), claiming that the Defendant claimed to keep or preserve adequate records. Summary judgment cannot be granted on this count, either. The statute provides as follows: "The court shall grant the debtor a discharge, unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." *Id*. In the Second Circuit, "the inquiry into the debtor's financial condition is limited to the span from a reasonable period of time before the bankruptcy filing through the pendency of the bankruptcy proceedings." *Berger and Associates Attorneys, P.C. v. Kran (In re Kran)*, 760 F.3d 206, 210 (2d Cir. 2014). [I]t is intended only that there be available written evidence made and preserved from which the present financial condition of the bankrupt, and his business transactions for a reasonable period in the past may be ascertained. Id., *citing* In re Underhill, 82 F.2d 258, 260 (2d Cir. 1936). Section 727 imposes an "extreme penalty for wrongdoing, which must be construed strictly against those who object to the debtor's discharge and liberally in favor of the bankrupt." *Id*.

A review of the 299 paragraphs of allegations in the complaint amply demonstrate that the plaintiffs' recordkeeping claims are not geared towards the

Defendant's present financial circumstances, not even the Defendant's financial circumstances in the three to five years preceding the petition date. The plaintiffs' recordkeeping claims are all about whether the Defendant, in 2018, has adequate records to prove transactions that occurred in 2007 and 2008 – when the plaintiffs tendered monies for use in a pooled asset real estate acquisition opportunity.

The Defendant has produced a fair amount of evidence concerning those transactions and occurrences. The Defendant has shown the investment of not less than $1,000,000 with Damac Properties. Unfortunately, the Defendant has been unable to locate the default/termination notice that will document that Damac Properties retained the payments made on the transaction as contract damages. Plaintiffs have claimed that the Defendant should have requested a cancelled check in a situation where the Defendant procured a receipt from Damac Properties, and the Defendant retains a copy of that receipt, as well as a copy of another receipt for a bank check, to this very day. There is correspondence from Damac concerning the transactions. The Defendant painstakingly went through the documentary evidence that he has to put together a picture of the structure of the transaction, and how it progressed. It is not perfect, admittedly so. But the Defendant's records are not so lacking that he should be denied a discharge as a result of not having today every link in the chain concerning the transactions.

### H. The Plaintiffs' Sec. 523 (a)(2)(B) Claim is a Non-Starter.

Under the statute, a debt will be excepted from discharge pursuant to Sec. 523(a)(2)(B) under the following circumstances: when the debt is "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by the use of a statement in writing" that has each and all of the following attributes: the statement is materially false; the statement is respecting the debtor's or an insider's financial condition; the statement is one on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and the debtor caused the statement to be made or published with intent to deceive. 11 U.S.C. § 523(a)(2)(B).

"A financial statement is materially false if it paints a substantially untruthful picture of a financial condition by misrepresenting information of the type which would normally affect the decision to grant credit." *In re Harwood*, 404 B.R. 366, 391-92 (Bankr. E.D. Tex. 2009, aff'd 427 B.R. 392 (E.D. Tex. 2010), aff'd, 637 F.3d 615 (5th Cir. 2011).

The plaintiffs have not plausibly contended that the Term Sheet is a financial statement concerning the Defendant.  How can it be?  It is a proposal for a pooled asset acquisition of real estate (a floor of a luxury service apartment building) in Dubai.  Absolutely nothing about the Term Sheet purports to represent the Defendant's financial condition.  Additionally, for all of the reasons set forth in the Simone Declaration, there is nothing about the Term Sheet that can be construed to be a fraudulent inducement, let alone anything in there that can be reasonably be contended to be grounds for summary judgment.

## I.    *Defendant's Evidentiary Objections*

Local Rule 56 requires a party's evidentiary objections to be set forth in the memorandum of law; otherwise they are at risk of being waived.  The plaintiffs claim that there are 235 incontrovertible facts; the Defendant disagrees with most of them, and contends that the evidence does not compel the finding of such claimed facts.  In reviewing the plaintiffs' evidence, a number of objections were asserted and they all require adjudication. The Evidentiary Objections are as follows:

**First Objection:** The Defendant Objects to Paragraph 1 of the Plaintiffs' Statement.  The documentation supplied by the Plaintiff in support of Paragraph 1 does not contain a copy and specification of the indictment that was the subject matter of that prosecution.  Absent the actual indictment in the record, there is insufficient evidence in Plaintiffs' submission from which the Court could make the finding contended for by the Plaintiffs herein.  A statement in a judicial opinion approximately five years after the conviction by guilty plea does not suffice to establish the specification of the indictment to which the Defendant pled guilty.  Further, the

Defendant objects to the admissibility of this evidence under Fed. R. Evid. 404.

**Second Objection:** The Defendant objects to Paragraph 2 of the Plaintiffs' Statement.  The SEC order provides as follows: Solely for the purpose of this proceeding and any other proceeding brought by or on behalf of the Commission, or in which the commission is a party, and without admitting or denying the findings contained herein, except as to jurisdiction of the Commission over the Respondent and the subject matter of this proceeding, and as to the entry of the conviction set forth in paragraph II.B.1. and II.D. below, which are admitted.  See Doc 107-2 at pp. 12 14-15.  The conviction refers to the Defendant "allowing Bressman to execute the unauthorized purchases of 104,000 Cypros shares for the Fiduciary account."  Further, the Defendant objects to the admissibility of this evidence under Fed. R. Evid. 404.

**Third Objection:** The Defendant objects to Paragraph 3 of Plaintiffs' Statement for the following reasons: First, the matter to which the Defendant pled was an unauthorized trade, as stated in response to Paragraph 1.  Therefore, the Defendant disputes that he stole money in connection with that conviction.  Second, the Defendant objects to the admissibility of this evidence under Fed. R. Evid. 404.

**Fourth Objection:**  The Defendant objects to the admissibility Paragraph 4 under Fed. R. Evid. 404.  In the event that the Court finds a basis to admit that evidence, Paragraph 4 of the Statement is true.

**Fifth Objection:**  The Defendant objects to the admissibility of the Paragraph 5 under Fed. R. Evid. 404.

**Sixth Objection:** The Defendant objects to the admissibility of Paragraph 6 under Fed. R. Evid. 404.  In the event that the Court finds a basis to admit that evidence, Paragraph 5 of the Statement is true.

**Seventh Objection:**   The Defendant objects to the middle sentence of Paragraph 8 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 56 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.   Likewise, Plaintiff's Exhibit 59 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 59 are inadmissible on this motion.   So, too, Plaintiff's Exhibit 63 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 63 are inadmissible on this motion. Additionally, all of the exhibits identified in support of the middle sentence of Paragraph 8 are objected to on hearsay grounds (Fed. R. Evid. 802).

**Eighth Response:** The Defendant objects to Paragraph 11 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's have neither authenticated the exhibit or established the evidentiary basis for their contention that the document was "circulated."

**Ninth Objection:**   The Defendant objects to Paragraph 12 to the extent the Plaintiffs contend that all of the statements contained therein constitute, and rise to the level of, a representation on which a decision-maker should base his or her decision.   Relevancy objection (Fed. R. Evid. 402)

**Tenth Objection:**   The Defendant objects to Paragraph 15 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 56 is a page hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.  Likewise, Plaintiff's Exhibit 59 is a hodgepodge of documents that have not been authenticated or

otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 59 are inadmissible on this motion.

**Eleventh Objection:** The Defendant objects to Paragraph 16 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 56 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.

**Twelfth Objection:** The Defendant objects to Paragraph 17 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular, Plaintiff's Exhibit 63 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 63 are inadmissible on this motion. Additionally, all of the exhibits identified in support of the Paragraph 17 within Exhibit 63 are objected to on hearsay grounds.  Fed. R. Evid. 802.

**Thirteenth Objection:** The Defendant objects to Paragraph 19 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 56 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.

**Fourteenth Objection:**  The Defendant objects to Paragraph 20 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 56 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.  Likewise, Plaintiff's Exhibit 59 is a hodgepodge of documents that have not been authenticated or

otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 59 are inadmissible on this motion.

**Fifteenth Objection:**  The Defendant objects to Paragraph 21 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 56 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 56 are inadmissible on this motion.  Likewise, Plaintiff's Exhibit 59 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 59 are inadmissible on this motion.

**Sixteenth Objection:**  The Defendant objects to Paragraph 22 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  This is because Paragraph 22 is predicated upon the admissibility of Paragraphs 20 and 21, to which the Defendant has objected for the reasons set forth in the responses to those paragraphs.

**Seventeenth Objection:** The Defendant objects to Paragraph 23 to the extent that it may be construed to mean that the collective investors would themselves supply the $4 million or $5 million approximate purchase price, to the exclusion of financing (which, per the Term Sheet was to be approximately $3.5 million of said purchase price); otherwise, admitted.

**Eighteenth Objection:**  Defendant objects to Paragraph 25 on the grounds that Standard Charter Bank in America, which complied with the Subpoena, does not have access to the records to the extent that the Plaintiffs contend.  Defendant's Trial Exhibit 1 (Declaration (and Certification) of Donna Hill dated December 16, 2019 at ¶¶ 2-6 and Exhibit B thereto at p. 1); Defendant's Proposed Trial Exh. 33 (Testimony of Elena Vagnerova at pp. 64-65) and Exhibit O (at p. 1) thereto; and  Defendant's Proposed Trial Exhibit 29 (Testimony of Andrew Woolf) at 19, 20, 31-34, 75-76) and Exhibit B (at p. 1) thereto.  Defendant objects further on the

grounds that there has been no authentication of Exhibit P51, nor any qualification of Exhibit

P51 as records of regularly conducted activity under Fed. R. Evid. 803 (6), making Exhibit P51

inadmissible under Fed. R. Evid. 802.

**Nineteenth Objection:**    The Defendant objects to Paragraph 26 to the extent that the Plaintiffs

claim that the period of such time was nine years, as the same being without proof as to the actual

length of time before the Defendant told the Plaintiffs the truth that the investment had been lost

through said default and termination.

**Twentieth Objection:** The Defendant objects to Paragraph 27 and Paragraph 28 on the following

grounds: First, there is no Exhibit 62 filed with the motion for summary judgment.  Therefore this

paragraph violates L.Civ.R. 56(a)(3).  To the extent that the Plaintiffs mean to refer to proposed

trial Exhibit 62, the recording of the conversation violated the Florida Security of

Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's

consent and was made in disregard of his expectation of privacy in that regard.  Simone Decl. at ¶

47.  Therefore, the recording is inadmissible as evidence.

**Twenty-First Objection:** Defendant objects to Paragraph 29 for the same reasons as the

objection to Paragraph 27.

**Twenty-Second Objection:** The Defendant objects to Paragraph 30, as it is based on

documents (P58 and P 70) for which no foundation has been laid for their admissibility;

further, P70 is entirely hearsay with no applicable exception to the hearsay rule, and much

of P58 is hearsay, and they therefor are inadmissible under Fed.R.Evid. 802.

33.    In the Debtor's deposition, upon questioning, the Debtor was very reluctant to

discuss his communications with Bode. Eventually, on October 23, 2019, 13 days *after* his

deposition, the Debtor produced Whatsapp messages with Bode, showing consistent

communications dating back from July 2, 2013 through October 5, 2019. Ex. P29 at 1-23.

**Twenty-Third Objection:** The Defendant objects to Paragraph 33 on the grounds that proposed

Trial Ex. P29 is hearsay and, insofar as they pertain to Stefan Bode, there is no applicable exception to the hearsay rule.   Fed. R. Evid. 802, 803. Further, the Defendant objects to Paragraph 33 on the grounds of relevancy under Fed. R. Evid. 402.   Lastly, there is no exhibit filed with the motion for summary judgment labeled and identified as Exhibit 29, and, for that reason, the paragraph fails to comply with L.Civ.R. 56 (a)(3).

**Twenty-Fourth Objection:** The Defendant objects to Paragraph 34 on the grounds of relevancy under Fed. R. Evid. 402.

**Twenty-Fifth Objection:** The Defendant objects to Paragraph 35 on the grounds of relevancy under Fed. R. Evid. 402.   Further, the Defendant objects on the grounds that Bode is neither a party to the action, nor subject to the subpoena power of this court, as he lives in the country of Monaco.   It is not within the power of the Defendant to make any demands upon Bode.   Nor have the Plaintiffs made any showing that Stefan Bode would have documents in 2019 relating to activities with the Defendant in 2007 and/or 2008.

**Twenty-Sixth Objection:** The Defendant objects to Paragraph 36 on the following grounds: The recording of the conversation violated the Florida Security of Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's consent and was made in disregard of his expectation of privacy in that regard.   Simone Decl. at ¶ 47.   Therefore, the recording (Exhibit 62) is inadmissible as evidence.

**Twenty-Seventh Objection:** The Defendant objects to Paragraph 37 because it is an incomplete statement of the Defendant's response.

**Twenty-Eighth Objection:** The Defendant objects to Paragraph 38 because it is an incomplete statement of the Defendant's response, and the quotation is not stated correctly, leaving out words and not even using an ellipses.

**Twenty-Ninth Objection:** The Defendant objects because he cannot state confidently the entirety what documents were provided to Plaintiff Katz by attorneys from Florida who no longer are in his legal counsel.   Furthermore, the Defendant objects on relevancy grounds, as the Federal Rules of

Civil Procedure specifically contemplate, and make provision for, supplemental production as additional documents and information is discovered by a party litigant.  See, Fed.R.Civ. P. 26.

**Thirtieth Objection:** The Defendant objects to Paragraph 44 on the following grounds: The Plaintiffs have not shown by admissible evidence, or provided the basis for, their claim that none of the discovery produced by the Defendant in either the Florida litigation or this case contained both of two versions of a manual contract that have the same operative terms, and that only one was produced.  Furthermore, it is entirely possible that years later, the Defendant in fact only had one version of the manual contract (with the same operative terms) in his possession.  The Defendant also objects to this paragraph on relevancy grounds (Fed.R.Evid. 402), as the existence of two versions of a manual contract with the same operative terms does not tend to prove that either is not authentic.

**Thirty-first Objection:** The Defendant objects to Paragraph 45 on the following grounds: The Plaintiffs have not shown by admissible evidence, or provided the basis for, their claim that none of the discovery produced by the Defendant in either the Florida litigation or this case contained both of two versions of a manual contract that have the same operative terms, and that only one was produced.  Furthermore, it is entirely possible that years later, the Defendant in fact only had one version of the manual contract (with the same operative terms) in his possession.  The Defendant also objects to this paragraph on relevancy grounds (Fed.R.Evid. 402), as the existence of two versions of a manual contract with the same operative terms does not tend to prove that either is not authentic.

**Thirty-Second Objection:**  The Defendant objects to Paragraph 47 on the following grounds: The Plaintiffs have not shown by admissible evidence, or provided the basis for, their claim that the Defendant did not return the second version of the manual contract to anyone.

**Thirty-Third Objection:** The Defendant objects to Paragraph 48 on the following grounds: The Plaintiffs have not shown, and cannot show, by admissible evidence that these contracts were not

received by the Defendant from Damac.  Further, an examination of the contract signed by

Damac through Hegazi on 11/6/07 does not have a spelling of the name Mohamed.  In his

answer, the Defendant obviously mis-spelled Mr. Hegazi's last name.

**Thirty-Fourth Objection:** The Defendant objects to Paragraph 49 to the extent that it purports to

require the Defendant to evaluate and speak to what was produced in connection with work done

by attorneys in Florida who no longer are retained by him, in another lawsuit.

**Thirty-Fifth Objection:**  The Defendant objects to Paragraph 50 because it violates L.Civ.R.

56(a)(3).

**Thirty-Sixth Objection:** The Defendant objects to Paragraph 51 on the following grounds: The

Plaintiffs have not shown by admissible evidence, or provided the basis for, their claim that the

document looks like white-out was used on it (a characterization with which the Defendant

disagrees).

**Thirty-Seventh Objection:** The Defendant objects to Paragraph 52 because it violates L.Civ.R.

56(a)(3).

**Thirty-Eighth Objection:** The Defendant objects to Paragraph 52 because it violates L.Civ.R.

56(a)(3).

**Thirty-Ninth Objection:**  The Defendant admits Paragraph 55 insofar as it states that he has not

produced any letters of default from Damac (none could be found), except to the extent that

Exhibit G (at p. 1) to the Simone Declaration may be an early notice of default, but it is not a

notice of termination and exercise of rights to retain payments.  As to the balance of the paragraph,

the Defendant objects thereto because it violates L.Civ.R. 56(a)(3).

**Fortieth Objection:** The Defendant objects to Paragraph 60 on the ground that it violates Fed. R.

Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that

would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of

documents that have not been authenticated or otherwise proven to be admissible by the

Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Forty-First Objection:** The Defendant objects to Paragraph 60 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Forty-Second Objection: Response:** The Defendant objects to Paragraph 62 because it violates L.Civ.R. 56(a)(3).

**Forty-Third Objection:** The Defendant objects to Paragraph 63 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Forty-Fourth Objection:** The Defendant objects to Paragraph 64 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Forty-Fifth Objection:** The Defendant objects to Paragraph 65 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Forty-Sixth Objection:** The Defendant objects to Paragraph 66 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of

documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

70.     The Debtor admitted that he has not looked for the credit card statement. *Id.* at 307:21-25.

**Forty-Seventh Objection:** The Defendant objects to Paragraphs 70, 71, 72 because they violatesL.Civ.R. 56(a)(3).

**Forty-Eighth Objection:** The Defendant objects to Paragraph 73 because it violates L.Civ.R. 56(a)(3), to the extent that said paragraph asserts that the Defendant lied to the plaintiffs for an entire decade (it is not disputed that the Defendant did not inform the plaintiffs about the default and termination of the agreement with Damac, and the resulting loss of the payments made to Damac, until many years after the fact).

**Forty-Ninth Objection:**  The Defendant objects to Paragraph 77 on the following grounds: The Plaintiffs have not shown by admissible evidence, or provided the basis for, their claim that the document looks like white-out was used on it (a characterization with which the Defendant disagrees).

 **Fiftieth Objection:** The Defendant objects to Paragraph 83 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Fifty-First Objection:**  The Defendant objects to Paragraphs 87 and 88, as the plaintiffs have failed to specify evidence that supports the statements, in violation of L.Civ.R. 56(a)(3).

**Fifty-Second Objection:**  The Defendant objects to Paragraph 89, as the parenthetical statement is argumentative.

**Fifty-Third Objection:** The Defendant objects to Paragraph 90 as being argumentative, with the use of the term quasi-explanation.

**Fifty-Fourth Objection:** The Defendant objects to Paragraph 91 as being unintelligible, and therefore not supported by a specific citation; further, there is no Exhibit 8 identified and labeled in the filings in support of the motion, a violation of L.Civ.R. 56(a)(3).

**Fifty-Fifth Objection:** The Defendant objects to Paragraph 92 on the following grounds: Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Fifty-Sixth Objection:** The Defendant objects to Paragraph 93 as being in violation of L.Civ.R. 56(a)(3), inasmuch as there are no Exhibits P6, P30 or P31 identified and labeled as such in the Plaintiffs' filings in support of the motion.   Further, the paragraph is argumentative, with usage of words such as inexplicable and purported, untraceable and so-called, and is objectionable on those grounds.

**Fifty-Seventh Objection:** The Defendant objects to Paragraph 95 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.   The Defendant objects further to Paragraph 95 as being argumentative, in addition to not being supported by authenticated and evidence shown to be admissible.

**Fifty-Eighth Objection:** The Defendant objects to Paragraph 97 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Fifty-Ninth Objection:** The Defendant objects to Paragraph 98 on the following grounds: the income of the Defendant at any point in time after the failure of the transaction with Damac to

purchase a floor of the Burjside Boulevard project is irrelevant to the claims of the Plaintiff in this adversary proceeding. The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss. Included among those claims is whether the Defendant's records concerning that transaction are sufficient or not and, if not, whether any such insufficiency constitutes a failure to keep or preserve recorded information from which the Defendant's financial condition or business transactions might be ascertained (and, if not, whether any such failure is justified under all of the circumstances of the case). Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, that the Defendant's financial condition or business transactions for at least the last six or seven years preceding the filing of the bankruptcy petition are in issue in this case and are being asserted as grounds for objecting to the Defendant's discharge. The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the Defendant's financial circumstances and business transactions over at least the last six or seven years preceding the filing of the petition. Therefore, issues relating to the income and/or financial circumstances or business transactions of the Defendant within at least the last six or seven years are irrelevant to this adversary proceeding. Fed.R.Evid. 402.

**Sixtieth Objection:** The Defendant objects to Paragraph 99 on the following grounds: the income of the Defendant at any point in time after the failure of the transaction with Damac to purchase a floor of the Burjside Boulevard project is irrelevant to the claims of the Plaintiff in this adversary proceeding. The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss. Included among those claims is whether the Defendant's records concerning that transaction are sufficient or not and, if not, whether any such insufficiency constitutes a failure to keep or

preserve recorded information from which the Defendant's financial condition or business transactions might be ascertained (and, if not, whether any such failure is justified under all of the circumstances of the case).   Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, that the Defendant's financial condition or business transactions for at least the last six or seven years preceding the filing of the bankruptcy petition are in issue in this case and are being asserted as grounds for objecting to the Defendant's discharge.   The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the Defendant's financial circumstances and business transactions over at least the last six or seven years preceding the filing of the petition.   Therefore, issues relating to the income and/or financial circumstances or business transactions of the Defendant within at least the last six or seven years are irrelevant to this adversary proceeding.   Fed.R.Evid. 402.

**Sixty-First Objection:**   The Defendant objects to Paragraph 100, as there is no evidence in the record that March 31, 2008 is one of the payment dates (although a check was dated that date, the receipt is dated April 3, 2008).   Therefore, the paragraph fails to meet the requirements of Fed. R. Civ. P. 56(c).

**Sixty-Second Objection:** The Defendant objects to Paragraph 101 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3), with the exception that the Defendant left Dubai and moved back to the United States in 2011.

**Sixty-third Objection:** The Defendant objects to Paragraph 102 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3) (there is no exhibit designation).

**Sixty-Fourth Objection:** The Defendant objects to Paragraph 103 on the following grounds: the income of the Defendant at any point in time after the failure of the transaction with Damac to purchase a floor of the Burjside Boulevard project is irrelevant to the claims of the Plaintiff in this adversary proceeding.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Included among those claims is whether the Defendant's records concerning that transaction are sufficient or not and, if not, whether any such insufficiency constitutes a failure to keep or preserve recorded information from which the Defendant's financial condition or business transactions might be ascertained (and, if not, whether any such failure is justified under all of the circumstances of the case).  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, that the Defendant's financial condition or business transactions for at least the last six or seven years preceding the filing of the bankruptcy petition are in issue in this case and are being asserted as grounds for objecting to the Defendant's discharge.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the Defendant's financial circumstances and business transactions over at least the last six or seven years preceding the filing of the petition.  Therefore, issues relating to the income and/or financial circumstances or business transactions of the Defendant within at least the last six or seven years are irrelevant to this adversary proceeding. Fed.R.Evid. 402.

**Sixty-Fifth Objection:** The Defendant objects to Paragraph 104 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3) (there is no exhibit designation).

**Sixty-Sixth Objection:** The Defendant objects to Paragraph 105 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3) (there is no exhibit designation).

**Sixty-Seventh Objection:** The Defendant objects to Paragraph 106 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3) (there is no exhibit designation).

**Seventieth Objection:** The Defendant objects to Paragraph 108 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Seventy-First Objection:** The Defendant objects to Paragraph 109 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  Plaintiff's Exhibit 63 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 63 are inadmissible on this motion.

**Seventy-Second Objection:** The Defendant objects to Paragraph 110 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 59 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 59 are inadmissible on this motion.  Paragraph 110 also violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have

the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

Specifically, there is no Exhibit 51 identified and labeled in the filings in support of the motion.

Defendant also objects on the grounds that Standard Charter Bank in America, which complied

with the Subpoena, does not have access to the records to the extent that the Plaintiffs contend.

Defendant's Trial Exhibit 1 (Declaration (and Certification) of Donna Hill dated December 16,

2019 at ¶¶ 2-6 and Exhibit B thereto at p. 1). In addition, the Defendant denies Paragraph 110.

Simone Decl. ¶¶ 32-35, 51-52 and Exhibit O at pp. 2, 3, 4, 5, 7, 8), Exhibit S (at p. 1), Exhibit Z

(at p. 1) and Exhibit AA (at pp. 1-2) thereto;  Defendant's Proposed Trial Exh. 33 (Testimony

of Elena Vagnerova at pp. 64-65) and Exhibit O (at p. 1) thereto; and Defendant's Proposed

Trial Exhibit 29 (Testimony of Andrew Woolf) at 19, 20, 31-34, 75-76) and Exhibit B (at p. 1)

thereto.

**Seventy-Third Objection:** The Defendant objects to Paragraph 109 on the ground that it violates

Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form

that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the

statement, in violation of L.Civ.R. 56(a)(3).  In addition, the Defendant denies Paragraph 111.

Simone Decl. ¶¶ 32-35, 39, 41, 42, 51-52 and Exhibit O at pp. 2, 3, 4, 5, 7, 8), Exhibit S (at p. 1),

Exhibit Z (at p. 1) and Exhibit AA (at pp. 1-2) thereto;  Defendant's Proposed Trial Exh. 33

(Testimony of Elena Vagnerova at pp. 64-65) and Exhibit O thereto (at p. 1); and Defendant's

Proposed Trial Exhibit 29 (Testimony of Andrew Woolf) at 19, 20, 31-34, 75-76) and Exhibit B

thereto (at p. 1).

**Seventy-Fourth Objection:** The Defendant objects to and denies Paragraph 112, as it does not

fairly capture or characterize the testimony, particularly as it relates to Damac.  The Paragraph

therefore does not comport with Fed.R.Civ. P. 56(c) or L.Civ.R. 56(a)(3).  .

**Seventy-Fifth Objection:** The Defendant objects to and denies Paragraph 114, as it does not

fairly capture or characterize the testimony.  The Paragraph therefore does not comport with

Fed.R.Civ. P. 56(c) or L.Civ.R. 56(a)(3).

**Seventy-Sixth Objection:** The Defendant objects to Paragraph 115 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Seventy-Seventh Objection:** The Defendant objects to Paragraph 116 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Seventy-Eighth Objection:** The Defendant objects to Paragraph 117 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Seventy-Ninth Objection:** The Defendant objects to Paragraph 119 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eightieth Objection:** The Defendant objects to Paragraph 122 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-First Objection:** The Defendant objects to Paragraph 123 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-Second Objection:** The Defendant objects to this paragraph as argumentative (as made

evident by the first clause).

**Eighty-third Objection::** The Defendant objects to Paragraph 125 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-Fourth Objection:** The Defendant objects to Paragraph 126 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence. In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion. That said, the statement was made to the Defendant by Damac.

**Eighty-Fifth Objection:** The Defendant objects to Paragraph 127 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-Sixth Objection:** The Defendant objects to Paragraph 130 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-Seventh Objection:** The Defendant objects to Paragraph 131 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence. In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**Eighty-Eighth Objection:** The Defendant objects to Paragraph 132 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**Eighty-Ninth Objection:** The Defendant objects to Paragraph 133 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**90th Objection:** The Defendant objects to Paragraph 134 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**91st Objection:** The Defendant objects to Paragraph 135 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**92nd Objection:**  The Defendant objects to Paragraph 136 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**93rd Objection:**  The Defendant objects to Paragraph 137 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**94th Objection:** The Defendant objects to Paragraph 138 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**95th Objection:** The Defendant objects to Paragraph 143 on the following grounds: First, there is no Exhibit 62 filed with the motion for summary judgment.   Therefore this paragraph violates L.Civ.R. 56(a)(3).   To the extent that the Plaintiffs mean to refer to proposed trial Exhibit 62, the recording of the conversation violated the Florida Security of Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's consent and was made in disregard of his expectation of privacy in that regard.   Simone Decl. at ¶ 47.   Therefore, the recording is inadmissible as evidence.

**96th Objection:** The Defendant objects to Paragraph 144 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).   Exhibit 62 is purportedly a transcript of a telephone conversation, not a deposition transcript.

**97th Objection:** The Defendant objects to Paragraph 144 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).   Exhibit 62 is purportedly a transcript of a telephone conversation, not a deposition transcript.

**98th Objection:** The Defendant objects to Paragraph 146 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the

statement, in violation of L.Civ.R. 56(a)(3).  Exhibit 62 is purportedly a transcript of a telephone conversation, not a deposition transcript.

**99th Objection:**  The Defendant objects to Paragraph 147 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  Exhibit 62 is purportedly a transcript of a telephone conversation, not a deposition transcript.

**100th  Objection:**  Defendant objects to Paragraph 148, as any statements by Stefan Bode in Whatsapp messaging are hearsay.  Fed.R.Evid. 802.

**101st  Objection:**  The Defendant objects to Paragraph 149 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**102nd Objection:**  The Defendant objects to Paragraph 150 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  There is no Exhibit P 26 identified and labeled in the filing in support of the motion. o.

 **103rd Objection:**  The Defendant objects to Paragraph 151 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

 **104th Objection** The Defendant objects to Paragraph 152, as the record of the deposition is subject to an alternative construction than what plaintiffs contend.  The statement, "I had a check for 2

million, and then there was another check for 710," may mean, given that a definition of "then" is "after that; next, afterward" (Oxford Online Dictionary). Otherwise, the Defendant would have been mistaken about having both checks at a prelaunch party, because the record of the date of the 710,000 AED check payable to Damac Properties, and the issuance by Damac Properties of its receipt for that check, show that the check was made on March 31, 2008 and tendered to Damac Properties on April 3, 2008.     Simone Decl. ¶¶ 32-37 and Exhibit O (at pp. 2, 3, 4, 5, 7, 8), Exhibit Q (at pp. 1-5), Exhibit S (at p. 1) thereto.

**105th Objection** The Defendant objects to Paragraph 154 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.  Nor have the Plaintiffs furnished evidence of the Prophet's birthday in 2008, or why possibly being one day off in stating the date of an event is probative of anything.

**106th Objection:**  The Defendant objects to Paragraph 158.The assertion in the paragraph conflicts with the testimony set forth below it.  Thus, the is paragraph is objectionable because the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**107th Objection:**  The Defendant objects to Paragraph 159 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**108th Objection:**  The Defendant objects to Paragraph 160 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**109th Objection:**  The Defendant objects to Paragraph 161 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  There is no Exhibit 38 identified and labeled in the filings in support of the motion.  Additionally, to the extent Plaintiffs intend to use proposed trial exhibit P38 without expressly so stating in the motion, answer 20 in said exhibit does not purport to request any explanation for any action or inaction by the Defendant.

**110th Objection:**  The Defendant objects to Paragraph 162 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**111th Objection:**  The Defendant objects to Paragraph 164 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 164 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 164.  Fed. R. Evid. 402 bars this Paragraph.

**112th Objection:**  The Defendant objects to Paragraph 165 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 165 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 165.  Fed. R. Evid. 402 bars this Paragraph.

**113th Objection:**  The Defendant objects to Paragraph 166 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 166 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 166.  Fed. R. Evid. 402 bars this Paragraph.

**114th Objection:**  The Defendant objects to Paragraph 167 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the

complaint, which could bring the matter alleged in Paragraph 167 within issues framed in this case by the pleadings. The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 167. Fed. R. Evid. 402 bars this Paragraph.

**115th Objection:** The Defendant objects to Paragraph 168 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs. The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss. Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 168 within issues framed in this case by the pleadings. The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 168. Fed. R. Evid. 402 bars this Paragraph.

**116th Objection:** The Defendant objects to Paragraph 169 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs. The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss. Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 169 within issues framed in this case by the pleadings. The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 169. Fed. R. Evid. 402 bars this Paragraph.

**117th Objection:**  The Defendant objects to Paragraph 170 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 170 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 170.  Fed. R. Evid. 402 bars this Paragraph.

**118th Objection:**  The Defendant objects to Paragraph 171 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 171 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 171.  Fed. R. Evid. 402 bars this Paragraph.

**119th Objection:**  The Defendant objects to Paragraph 172 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely

no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 172 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 172.  Fed. R. Evid. 402 bars this Paragraph.

**120th Objection:**  The Defendant objects to Paragraph 173 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 173 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 173.  Fed. R. Evid. 402 bars this Paragraph.

**121st Objection:**  The Defendant objects to Paragraph 174 on the following grounds: there are absolutely no allegations in the Complaint relating to this contention of the Plaintiffs.  The claims in this adversary proceeding are about the failed acquisition transaction and the loss of the plaintiffs' money in connection therewith, including the circumstances of that loss.  Absolutely no claim has been made by the plaintiffs, under any reasonable reading of the allegations of the complaint, which could bring the matter alleged in Paragraph 174 within issues framed in this case by the pleadings.  The bar date for filing claims objecting to the discharge of the Defendant has long since passed, meaning that there no longer is subject matter jurisdiction to assert claims to deny the discharge based on the matter alleged in Paragraph 174.  Fed. R. Evid. 402 bars this Paragraph.  Additionally, the Debtor denies Paragraph 174 and maintains that he is indebted to

his parents for substantial sums of money.  Simone Decl. ¶ 55.

**122nd Objection:** The Defendant objects to Paragraph 175 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**123rd Objection:** The Defendant objects to Paragraph 176 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.  **124th**

**124th Objection:** The Defendant objects to Paragraph 177 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  Specifically, the plaintiffs have not filed with their motion and documents identified and labeled as Exhibit P13 and P14.

**125th Objection:** The Defendant objects to Paragraph 178 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**126th Objection:** The Defendant objects to Paragraph 179 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**127th Objection:** The Defendant objects to Paragraph 180 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**128th Objection:** The Defendant objects to Paragraph 181 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**129th Objection:** The Defendant objects to Paragraph 182 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**130th Objection:** The Defendant objects to Paragraph 183 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**131st Objection:** The Defendant objects to Paragraph 184 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the

statement, in violation of L.Civ.R. 56(a)(3).  The next preceding citation is not a deposition transcript, but requests for admission and responses thereto in another legal proceeding.

**132nd Objection:**  Defendant objects to Paragraph 185, as the stated answer in the document referred to stated, in sum and substance, that at that time the Defendant was unable to state the exact path of plaintiff Katz's funds.

**133rd Objection:**  The Defendant objects to Paragraph 11 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**134th Objection:**  The Defendant objects to Paragraph 187 on the following grounds: First, there is no Exhibit 62 filed with the motion for summary judgment.   Therefore this paragraph violates L.Civ.R. 56(a)(3).  To the extent that the Plaintiffs mean to refer to proposed trial Exhibit 62, the recording of the conversation violated the Florida Security of Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's consent and was made in disregard of his expectation of privacy in that regard.   Simone Decl. at ¶ 47.   Therefore, the recording is inadmissible as evidence.

**135th Objection:**  The Defendant objects to Paragraph 188 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**136th Objection:**  The Defendant objects to Paragraph 189 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**137th Objection:** The Defendant objects to Paragraph 190, as it does not properly and fully capture the testimony rendered in the text above. Therefore, the Defendant objects on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**138th Objection:** The Defendant objects to Paragraph 191 as characterizing inconsistencies as serious, and without any foundation as to how emails might come to have multiple copies with some missing text in one copy.

**139th Objection:** The Defendant objects to Paragraph 192 as suggesting any impropriety by how one representation of an email might have different font and another email, containing the exact same language, might have a different representation of the character font (for a sender's name).

**140th Objection:** The Defendant objects to Paragraph 193 as suggesting any impropriety by how the email's text is structured or formatted.

**141st Objection:** The Defendant objects to Paragraph 196 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**142nd Objection:** The Defendant objects to Paragraph 199 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**143rd Objection:** The Defendant objects to Paragraph 200 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**144th Objection:** The Defendant objects to Paragraph 201 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence; nor have the plaintiffs specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**145th Objection:** The Defendant objects to Paragraph 205 on the following grounds: First, there is no Exhibit 62 filed with the motion for summary judgment.  Therefore this paragraph violates L.Civ.R. 56(a)(3).  To the extent that the Plaintiffs mean to refer to proposed trial Exhibit 62, the recording of the conversation violated the Florida Security of Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's consent and was made in disregard of his expectation of privacy in that regard.  Simone Decl. at ¶ 47.  Therefore, the recording is inadmissible as evidence.

**146th Objection:**  The Defendant objects to Paragraph 206, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**147th Objection:**  The Defendant objects to Paragraph 208, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**148th Objection:**  The Defendant objects to Paragraph 209, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**149th Objection:** The Defendant objects to Paragraph 210 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**150th Objection:**  The Defendant objects to Paragraph 211, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**151st Objection:**  The Defendant objects to Paragraph 212, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**152nd Objection:** The Defendant objects to Paragraph 213 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**153rd Objection:** The Defendant objects to Paragraph 214 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  Specifically, the plaintiffs have not filed with their motion documents identified and labeled as Exhibit P7.


**154th Objection:** The Defendant objects to Paragraph 215 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**155th Objection:** The Defendant objects to Paragraph 216 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.   In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**156th Objection:** The Defendant objects to Paragraph 217 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion. The Defendant objects further to Paragraph 217, as the plaintiffs have failed to specify evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**157ᵗʰ Objection:** The Defendant objects to Paragraph 218 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**158ᵗʰ Objection:** The Defendant objects to Paragraph 219 on the ground that it violates Fed. R. Civ.P. 56(c) in that the Plaintiffs have not submitted materials in support thereof in a form that would be admissible in evidence.  In particular Plaintiff's Exhibit 10 is a hodgepodge of documents that have not been authenticated or otherwise proven to be admissible by the Plaintiffs, and, accordingly, the contents of Exhibit 10 are inadmissible on this motion.

**159ᵗʰ Objection:** The Defendant objects to Paragraph 221 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  That said, the Defendant does not deny that he defaulted on the contract to acquire said unit in Ocean Heights.

**160ᵗʰ Objection:** The Defendant objects to Paragraph 222 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**161ˢᵗ Objection:**  The Defendant objects to Paragraph 223 as being in violation of L.Civ.R. 56(a)(3), inasmuch as there is no Exhibits P48 identified and labeled as such in the Plaintiffs' filings in support of the motion.  That said, the Defendant does not deny that he did not tell Elena about the default on the Burjside Boulevard pooled acquisition transaction.

**162ⁿᵈ Objection:** The Defendant objects to Paragraph 224 on the ground that the plaintiffs have not specified evidence that fully supports the statement, in violation of L.Civ.R. 56(a)(3).

**163ʳᵈ Objection:** The Defendant objects to Paragraph 225 on the following grounds: First, there is no Exhibit 62 filed with the motion for summary judgment.  Therefore this paragraph violates L.Civ.R. 56(a)(3).  To the extent that the Plaintiffs mean to refer to proposed trial Exhibit 62, the recording of the conversation violated the Florida Security of Communications Act, Fla. stat. § 934.03(2)(c)-(d) as it was recorded without the Defendant's consent and was made in disregard of

his expectation of privacy in that regard.  Simone Decl. at ¶ 47.  Therefore, the recording is inadmissible as evidence.

**164th Objection:** The Defendant objects to Paragraph 226 on the ground that the plaintiffs have not specified evidence that fully supports the statement, in violation of L.Civ.R. 56(a)(3).

**165th Objection:** The Defendant objects to Paragraph 227 on the ground that the plaintiffs have not specified evidence that fully supports the statement, in violation of L.Civ.R. 56(a)(3).  That said, the Defendant does not deny that Mr. Bedir did not obtain documentation from Damac.

**166th Objection:** Defendant objects to Paragraph 228, as any statements by Mr. Bedir in Whatsapp messaging are hearsay.  Fed.R.Evid. 802.

**167th Objection:** The Defendant objects to Paragraph 229 on the ground that the plaintiffs have not specified evidence that fully supports the statement, in violation of L.Civ.R. 56(a)(3).  Defendant objects further on the ground that any statements by Mr. Bedir in Whatsapp messaging are hearsay.  Fed.R.Evid. 802.  Further, the Defendant denies Paragraph 229.  Simone Decl. ¶ 63.

**168th Objection:** The Defendant objects to Paragraph 230 on the ground that the plaintiffs have not specified evidence that fully supports the statement, in violation of L.Civ.R. 56(a)(3).  Further, the Defendant denies paragraph 230.  Simone Decl. ¶ 42.

**169th Objection:** The Defendant objects to Paragraph 231 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**170th Objection:** The Defendant objects to Paragraph 232 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**171st Objection:** The Defendant objects to Paragraph 233 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).  Notwithstanding, the Defendant admits that he stayed at The Dukes.

**172nd Objection:** The Defendant objects to Paragraph 234 on the ground that the plaintiffs have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).

**173rd Objection:** The Defendant objects to Paragraph 235 on the ground that the plaintiffs

have not specified evidence that supports the statement, in violation of L.Civ.R. 56(a)(3).


**DEFENDANT,
RICHARD P. SIMONE**


By:___/s/ Paul N. Gilmore_____
    Paul N. Gilmore, Esq.
    Federal Bar No. ct03347
    UPDIKE, KELLY & SPELLACY, P.C.
    100 Pearl Street
    P.O. Box 231277
    Hartford, Connecticut 06123-1277
    Tel. (860) 548-2641
    Fax (860) 548-2680
    pgilmore@uks.com
    *His Attorney*

2395583

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re: | :     CHAPTER 7 |
| | : |
| RICHARD P. SIMONE | :     CASE NO. 18-21993 (JJT) |
| | : |
|      Debtor | : |
| | : |
| ANDREW WOOLF, ANDREW KATZ and | :     ADVERSARY PROCEEDING |
| ELENA VAGNEROVA | : |
| | : |
|      Plaintiffs | :     NO.: 19-02005 (JJT) |
| | : |
| V. | : |
| | : |
| RICHARD P. SIMONE | : |
| | : |
|      Defendant | :     MARCH 16, 2020 |

**<u>CERTIFICATION OF SERVICE</u>**

THIS IS TO CERTIFY that on March 16, 2020, a copy of the foregoing

Memorandum of Law in Opposition to Motion for Summary Judgment was sent

electronically to the following parties of interest:

Elizabeth J. Austin – <u>eaustin@pullcom.com</u>

Kenneth E. Chase – <u>kchase@chaselaw.com</u>

        */s/ Paul N. Gilmore*
        Paul N. Gilmore, Esq.
        Updike, Kelly & Spellacy, P.C.

2395583