**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | CASE No. | 18-21993 (JJT) |
| RICHARD P. SIMONE, | CHAPTER | 7 |
|     Debtor. | | |
| ANDREW WOOLF, ANDREW KATZ, and ELENA VAGNEROVA, | ADV. PRO. NO. | 19-02005 |
|     Plaintiffs | | |
| V. | RE: ECF Nos. | 359, 369, 376, 377, 381, 391 |
| RICHARD P. SIMONE, | | |
|     Defendant. | | |

## ORDER GRANTING MOTION TO AMEND COMPLAINT

### I.   INTRODUCTION

Pending before the Court in the above-captioned Adversary Proceeding is the Motion to Amend Complaint (ECF No. 359, "Motion to Amend") filed by Plaintiffs Andrew Woolf, Andrew Katz, and Elena Vagnerova (collectively, the "Plaintiffs"), whereby the Plaintiffs seek to assert an additional claim for the entry of a civil money judgment against the Defendant, Richard P. Simone (the "Defendant"). The Plaintiffs' original Complaint (ECF No. 1) seeks to have this Court either deem certain debts owed to them non-dischargeable or, alternatively, to deny the Defendant's discharge based upon the allegation that the Defendant induced the Plaintiffs to collectively invest $495,000 in a fraudulent, fake, or otherwise non-existent real estate transaction. The Defendant objects (ECF Nos. 376, 377, the "Objection"), principally arguing that "the motion is not well taken and should be denied." At the conclusion of the hearing on the Motion to Amend (ECF No. 363), and after the parties' respective responsive papers were filed,

the Court took the matter under advisement. For the reasons set forth below, the Plaintiffs' Motion to Amend is hereby GRANTED and the Defendant's Objection is hereby OVERRULED.

## II.  DISCUSSION

Federal Rule of Civil Procedure 15(a), made applicable to the instant proceeding by Federal Rule of Bankruptcy Procedure 7015, states that after a responsive pleading is served, and in the absence of written consent to the amendment, a party may amend its pleading only by leave of court and that such leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a). "A motion for leave to amend the complaint can be denied, however, if the defendant can demonstrate undue delay in filing the amended complaint, undue prejudice if the amended complaint is permitted, or the futility of the amendment." *Senich v. American-Republican, Inc.*, 215 F.R.D. 40, 41 (2d Cir. 2003) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 725 (2d Cir. 2010) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." (citation omitted)).

The Plaintiffs contend that leave to amend is warranted under Rule 15 based on the absence of undue delay, bad faith, undue prejudice to the Defendant, and futility of the amendment. Notwithstanding the fact that the Complaint is currently at the summary judgment stage and discovery is closed, the Plaintiffs argue that "[b]ecause the record in this case is fully developed, inclusion of the additional claim does not require any additional discovery" and the Defendant will not be unduly prejudiced because, even if the Plaintiffs' Motion to Amend is granted, "[t]he same timeframe applies and the same facts and legal concepts are at issue." Motion to Amend, p. 3. Further, the Plaintiffs contend that "judicial economy is furthered by

allowing an amendment for a money judgment" because "[t]he factual issues [that would support such a claim] are already inextricably intertwined with the nondischargability claims [already before the Court in the original Complaint]." ECF No. 391, p. 12, "Plaintiffs' Reply."

In his Objection, the Defendant challenges the futility of the Plaintiffs' proposed amendment by simply positing a number of hypotheticals glaringly bereft of any legal analysis or support. Rather than analyzing any of the appropriate factors under which a motion to amend is considered or by providing this Court with any relevant legal authority in support of his position—even after assailing Plaintiffs for not providing "either an opinion from the U.S. Court of Appeals for the Second Circuit holding that such a money judgment would be proper and within this court's judicial powers, nor a decision by the U.S. Supreme Court"—the Defendant offers nothing more than unsupported advocacy.

"In this circuit, an amendment is considered futile if the amended pleading fails to state a claim or would be subject to a motion to dismiss on some other basis." *In re Stanwich Financial Services Corp.*, 317 B.R. 224, 226 (Bankr. D. Conn. 2004) (citations and internal quotation marks omitted). To state a legally sufficient claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 556. "Thus, the Motion should be denied if, accepting all of the factual allegations in the Amended Complaint as true and drawing all inferences in the [Plaintiffs'] favor, it appears to a certainty under existing law that no relief can be granted under

any set of facts that might be proved in support of the [Plaintiffs'] proposed claims." *In re Stanwich*, *supra*, 317 B.R. at 227 (citations and internal quotation marks omitted).

Here, the Plaintiffs' Amended Complaint alleges no new or additional facts. The proposed count (Count VII) incorporates paragraphs 1 through 299 of the original Complaint and asserts that it arises from the same transactions or occurrences as the allegations contained in the original Complaint. Specifically, Count VII seeks treble damages for civil theft under Fla. Stat. § 772.11 and/or Conn. Gen. Stat. § 52-564, and punitive damages and attorneys' fees for unfair and deceptive trade practices under Fla. Stat. § 501.201 and/or Conn. Gen. Stat. §§ 42-110g(a) and (d).

    A. Statutory Theft

In Connecticut, "[a]ny person who steals any property of another, or knowingly receives and conceals stolen property" is liable for treble damages. Conn. Gen. Stat. § 52-564. Similarly, Florida provides that "[a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of [Fla. Stat. § 812.014 (theft)] has a cause of action for threefold the actual damages sustained." Fla. Stat. § 772.11. In Connecticut, "[s]tatutory theft under § 52-564 is synonymous with larceny under General Statutes § 53a-119. . . . Pursuant to § 53a-119, [a] person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or [withholds] such property from an owner." *Deming v. Nationwide Mut. Ins. Co.*, 279 Conn. 745, 771 (2006) (citation omitted). In Florida, "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) [d]eprive the other person of a right to the property or a benefit

4

from the property." Fla. Stat. § 812.014.[1] What is evident from the Court's review of these statutes is that there is no material difference between civil theft under both state statutes as each requires a showing that the Defendant obtained or used the Plaintiffs' property with the intent to deprive the Plaintiffs of such property.

Moreover, this same showing must be made in order for Plaintiffs to prevail on Count III of their original Complaint, which seeks to have this Court deem the Plaintiffs' claim as non-dischargeable under 11 U.S.C. § 523(a)(4) for "fraud or defalcation while acting in a fiduciary capacity, embezzlement or *larceny*" (emphasis added). In support of this claim, the Plaintiffs have alleged sufficient facts which, if accepted as true, would demonstrate that the Defendant obtained Plaintiffs' money by way of larceny/theft. Specifically, the Plaintiffs allege that the Defendant intentionally and wrongfully took $495,000 from the Plaintiffs; intentionally misled the Plaintiffs into believing their money was sent to a developer in Dubai to secure an investment property; intentionally caused the Plaintiffs to believe that the Defendant was performing under the various contracts he had entered into with the developer in Dubai; and intentionally deprived the Plaintiffs of their collective $495,000. Accordingly, the Plaintiffs have alleged sufficient facts that, if proven at trial, would support a finding of civil statutory theft and as such, the proposed amendment seeking treble damages for statutory theft is not futile.

B.  Unfair and Deceptive Trade Practices

Connecticut's Unfair Trade Practices Act ("CUTPA") "provides in relevant part that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. General Statutes § 42-110b(a). Connecticut courts, when

---

[1] It should also be noted that, just as "theft" and "larceny" are analogous in Connecticut, the Florida legislature "amended chapter 812 [entitled theft, robbery, and related crimes] extensively and replaced 'larceny' with 'theft.'" *Daniels v. State*, 587 So. 2d 460, 462 (Fla. 1991).

determining whether a practice violates CUTPA, will consider (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise . . . (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen). . . . Thus, a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy." *Kosiorek v. Smigelski*, 138 Conn. App. 695, 711 (Conn. App. Ct. 2012), *cert. denied*, 308 Conn. 901 (2013) (internal quotation marks and citation omitted).

Further, Section 42-110g(a) provides the court discretion to award punitive damages to "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b," while Section 42-110g(d) allows the court to award "costs and reasonable attorneys' fees based on the work reasonably performed." To support an award for punitive damages under CUTPA, the "evidence must reveal a reckless indifference to the rights of others or intentional and wanton violation of those rights." *Advanced Financial Services, Inc. v. Associated Appraisal Services, Inc.*, 79 Conn. App. 22, 34 (Conn. App. Ct. 2003) (internal quotation marks and citation omitted).

Similarly, Florida's Deceptive and Unfair Trade Practices Act (FDUTPA, Fla. Stat. §§ 501.201–501.213) provides a civil private cause of action, which requires that the Plaintiffs prove three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). Under FDUTPA, a deceptive practice is one "likely to mislead" consumers,[2] and an unfair practice is "one that

---

[2] *Davis v. Powertel, Inc.,* 776 So. 2d 971, 974 (Fla. 1st DCA 2000).

6

'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'"[3]

Again, after reviewing both statutes, there is essentially no material difference between the two. Specifically, they are materially the same with respect to what constitutes an unfair and deceptive trade practice, and as to what is required to prevail on such a claim, *i.e.*, that the Plaintiffs must prove a deceptive act or unfair practice has taken place, an ascertainable loss (actual damage) has occurred, and the Defendant caused said acts to take place. The Plaintiffs' Amended Complaint claims CUTPA and/or FDUTPA violations for false pretenses, actual fraud, embezzlement, and/or larceny, and is supported by allegations similar to those alleged in support of civil theft and various other counts of their original Complaint, which if proven at trial, would show that the Defendant intentionally and wrongfully misled and took $495,000 from the Plaintiffs, and as a result, the Plaintiffs suffered a willful and malicious injury. Accordingly, the Plaintiffs have alleged sufficient facts that, if proven at trial, would support a finding of unfair and deceptive trade practices and as such, the proposed amendment seeking punitive damages and reasonable attorneys' fees is not futile.

III.    CONCLUSION

In this case, justice requires allowing the Plaintiffs to amend their Complaint to add an additional claim for a money judgment. Because the Plaintiffs' proposed amendment to the Complaint would not require additional discovery and the proceedings before this Court would not be unduly delayed, and because the Plaintiffs have demonstrated a colorable ground for relief, the Court is not persuaded that the Plaintiffs' proposed amendment is futile. Conversely,

---

[3] *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 499 (Fla. 4th DCA 2001) (*quoting Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976)).

the Defendant has failed to demonstrate any colorable claim that he will suffer prejudice by allowing the amendment to the Complaint.

Further, "[u]nless a proposed amendment is clearly frivolous or legally insufficient on its face, the substantive merits of a claim or defense should not be considered on a motion to amend." *Lerman v. Chuckleberry Pub., Inc.,* 544 F. Supp. 966, 968 (S.D.N.Y. 1982), *rev'd on other grounds sub nom. Lerman v. Flynt Distrib. Co.,* 745 F.2d 123 (2d Cir. 1984). The Plaintiffs' claim for a money judgment, simply put, is not meritless on its face. The proposed Amended Complaint alleges that the Defendant obtained and then retained the Plaintiffs' money through false pretenses, actual fraud, embezzlement, and/or larceny, and that as a result, the Plaintiffs suffered a willful and malicious injury to themselves and their property. *See* Plaintiffs' Proposed Amended Complaint, ECF No. 359, Ex. 2 ¶¶ 320–323. Thus, the essential elements for civil theft and unfair and deceptive trade practices under both Connecticut and Florida state law are adequately alleged.

The Court therefore finds that the Amended Complaint sufficiently alleges facts that, if proven at trial, may demonstrate that the Defendant is liable for monetary damages. Accordingly, Plaintiffs' Motion to Amend is hereby GRANTED and the Defendant's Objection is hereby OVERRULED.

IT IS SO ORDERED at Hartford, Connecticut this 14th day of October 2020.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut