UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 18-21993 (JJT) |
| | ) | | |
| RICHARD P. SIMONE, | ) | | |
|     Debtor. | ) | CHAPTER | 7 |
| | ) | | |
| ANDREW WOOLF, | ) | | |
| ANDREW KATZ and | ) | | |
| ELENA VAGNEROVA, | ) | | |
| | ) | | |
|     Plaintiffs, | ) | Adv. Pro. Case No. | 19-02005 (JJT) |
| | ) | | |
| v. | ) | | |
| | ) | RE: ECF NO. 625 | |
| RICHARD P. SIMONE, | ) | | |
| | ) | | |
|     Defendant. | ) | | |

**MEMORANDUM OF DECISION AND ORDER ON MOTION TO SEAL**

I.     INTRODUCTION

Before the Court is a Motion to Seal (ECF No. 625, the "Motion") filed by Richard P. Simone (the "Defendant") wherein the Defendant seeks, pursuant to Rule 9077-1 of the Local Rules of Bankruptcy Procedure of the District of Connecticut, permission to file under seal (1) copies of his last two years of federal tax returns; (2) his sworn financial statement; and (3) his sworn statement of income and expenses. ECF No. 627 (collectively, the "Documents"). A hearing on the Motion was held on October 26, 2022, November 8, 2022 and November 18, 2022 in which the Plaintiffs objected to the Motion in its entirety. For the reasons stated herein, the Defendant's Motion to Seal is denied in part and granted in part.

II.     BACKGROUND[1]

In connection with this Court's prior rulings on the Plaintiffs' Motion for Summary Judgement (ECF No. 107), and the related Motion for Sanctions (ECF No. 394) and Motion for Order to Supplement the Record with Evidence of Prejudicial Discovery Violation (ECF No. 469), this Court found that the Defendant engaged in a "well calculated shedding, non-preservation and/or spoliation of documents [that] impeded the administration of this case, heightened discovery costs, and served to obfuscate critical issues," and that the Defendant's "intentional conduct . . . impaired, impeded, frustrated and delayed the Plaintiffs' pursuit of their rights and remedies." Order Granting Pl.'s Mot. for Sanctions, ECF No. 514. Subsequently, this Court imposed sanctions on the Defendant in the form of an award of attorney's fees and expenses totaling $92,330.92 and ordered the Defendant to appear and show cause as to why he was financially unable to pay the sanctions (the "Show Cause Hearing"). ECF No. 600. The Defendant was also ordered to file a sworn financial statement and his federal tax returns for the last two years on or before September 15, 2022. ECF No. 607. The Defendant failed to meet this deadline. When the Court held the Show Cause Hearing on September 21, 2022, the Defendant still had not submitted the requested documents. Two days later, the Court entered an order continuing the hearing due to the withdrawal of Defendant's counsel of record; however, the Defendant was not excused from his obligation to file the documents requested by the Court and was ordered to show cause at the next hearing as to why he should not be held in civil contempt of court until he filed said documents. ECF No. 622. On October 24, 2022, after retaining new counsel, the Defendant filed both the Motion and the Documents now before this

---

[1] This Court has previously addressed, at length, the factual background and relationship of the parties, the history of their decade-long dispute, and the facts giving rise to the imposition of sanctions in prior rulings. *See* ECF Nos. 514, 515, 561, 562 and 600. This Court presumes the parties' familiarity with the background and facts relevant to the resolution of this Motion.

Court. In connection with the aforesaid hearings, the Court granted the Motion to Seal on a preliminary and tentative basis, subject to deliberations on the subject submissions and review of the testimony related thereto. As a cautionary matter, this Court has also sealed the record of its hearings wherein these Documents were introduced and examined on the same basis.

III.    DISCUSSION

There exists a strong presumption and public policy favoring public access to court records. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597–98 (1978)); *see also U.S. v. Amadeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). This right of public access is rooted both in the common law of this Circuit and, critically, the protections afforded by the First Amendment of the United States Constitution. *See U.S. v. Erie County, N.Y.*, 763 F.3d 235, 239 (2d. Cir 2014) (common law); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91–93 (2d. Cir. 2004) (First Amendment). As such, "[a] court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.'" *Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 171 (Bankr. S.D.N.Y 2013) (quoting *Gletzer v. Anderson Worldwide, S.C.*, 2007 WL 273526, at *2–3 (S.D.N.Y Jan. 30, 2007)).

This presumption is codified in Section 107 of the Bankruptcy Code, the locus of the Court's analysis. *See* 11 U.S.C. § 107(a); *In re Gitto Global Corp.*, 422 F.3d 7–8 (1st. Cir. 2005) ("Because § 107 speaks directly to the question of public access . . . it supplants the common law for purposes of determining public access to papers filed in a bankruptcy case."). Section 107(b), however, provides a narrow exception to the presumption of access by empowering a court to protect information related to "a trade secret or confidential research, development, or

commercial information; or . . . scandalous or defamatory matter." 11 U.S.C. §§ 107(b)(1)–(2). Pursuant to Federal Rule of Bankruptcy Procedure 9018 and in furtherance of § 107(b), "on motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information; [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . ." Fed. R. Bankr. P. 9018. Against this backdrop, a court may only seal such documents for "clear and compelling reasons," using "narrowly tailored [means] to serve those reasons." D. Conn. L. Civ. R. 5(e)(3).[2]

Having reviewed the Documents, the current record of hearings and the Supporting Memorandum and upon further consideration of the oral arguments of the parties, this Court fails to see how the information contained in the Documents meets the exacting standard required to overcome the presumption favoring public disclosure. The Documents contain nothing pertaining to a trade secret and/or confidential research, development, information, or anything of the like, nor do they contain anything that remotely resembles a defamatory statement. *See* 11 U.S.C. §§ 107(b)(1)–(2); Fed. R. Bankr. P. 9018; *Traversa v. Educ. Credit Management Corp. (In re Traversa)*, 2010 WL 4683920, at *7 (D. Conn Nov. 5, 2010) (citing *Kalil v. Utica City School Dist.*, 301 Fed. App'x 29 (2d. Cir. 2008) (summary order)). Moreover, the Documents certainly do not contain anything that qualifies as "scandalous." Fed. R. Bankr. P. 9018; *see Traversa*, 2010 WL 4683920, at *8 (citing *In re Neal*, 461 F.3d 1048, 1054 (8th Cir. 2006) ("[t]he unintended, potential secondary consequence of negative publicity . . . is regrettable but not a basis for sealing [a] filing.").

---

[2] Rule 5(e)(3) of the Local Rules of the District of Connecticut is made applicable to this adversary proceeding by Rule 9077-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut.

Rather, the Documents in their entirety are quite mundane financial disclosures, particularly in the context of bankruptcy proceedings. *See* 11 U.S.C. § 521 (requiring that debtors file tax returns, statements of current income and current expenditures and statements of financial affairs); *see also* 11 U.S.C. § 707(b)(1)(ii)(C) (requiring that debtors file a statement of current monthly income). The Defendant argues that courts routinely allow parties to file tax returns and financial documents under seal; however, the cases he cites in support of this proposition do not provide any clear rationale as to *why* those filings were sealed. *See Jackson v. Hall County Government, Georgia*, 568 Fed. App'x 676, 678, 680 (11th Cir. 2014) (where the court permitted appellant to file financial records under seal, but provided no rationale for sealing the documents); *Saleem v. Corporate Transportation Group, Ltd.*, 52 F. Supp. 3d 526, 546 (S.D.N.Y. 2014) (where the court noted that tax returns contained sensitive financial information, without further explanation or elaboration); *Kloth-Zanard v. Bank of America*, No. 3:15-cv-01208 (MPS), 2016 WL 287020 *1 (D. Conn. 2016) (where the court ordered the plaintiff to file financial documents under seal, but provided no rationale for sealing the documents). The Defendant has not attempted to explain what, if any, aspects of his financial situation are truly sensitive; the mere fact that tax returns and other financial disclosures have previously been filed under seal, without more, is insufficient to overcome the presumption favoring public disclosure in this Circuit. *See U.S. v. Erie County, N.Y.*, 763 F.3d 235, 239–41 (2d. Cir. 2014).

In furtherance of the Motion, the Defendant cites the Documents' disclosure of family member names and attorney client matters as further justification to seal the Documents; once again, however, he does not specify what about such information necessitates a complete or even partial seal of the Documents. As pertains to family members, it is notable the Defendant has not

invoked privacy concerns, safety concerns "or any other value that plausibly might" supersede the presumption favoring public disclosure. *Id.*; *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d. Cir. 2006); *In re New York Times Co.*, 828 F.2d 110, 116 (2d. Cir. 1987). Rather, it appears the Defendant is most concerned with concealing numerous loans he has received from his family to fund both pre- and post-petition legal fees (and even, allegedly, living expenses). ECF No. 634; Def.'s Mem. at 5–6, ECF No. 626 ("Defendant's family members and Defendant . . . have a strong interest in maintaining the confidentiality of their financial dealings."). However, the very fact that the Defendant has received generous "loans" from his family members supportive of his business and lifestyle is highly probative as to whether the Defendant has the ability to pay the sanctions levied against him. This information, along with the Documents and testimony in their entirety, "would be considered by [this] Court for the purpose of ruling on [the Motion]." *Erie County, N.Y.*, 763 F.3d at 240.

Such information is therefore presumed to be publicly accessible, and the Defendant has otherwise failed to articulate a compelling and cognizable substantive reason to seal such information. *Id.* at 243–44. As pertains to the aforementioned "attorney-client matters," the Documents disclose the names and associated fees of the Defendant's myriad attorneys, but do not to describe any "strategy between client and attorney" that would warrant protection as privileged information. *Keramides v. Keramides*, No. FA054008820, 2008 WL 4739199 *2 (Conn. Super. Ct. Oct. 7, 2008).

IV. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Seal is **DENIED** in part and **GRANTED** in part as set forth herein. Due to the personally identifiable nature of select information in the Documents, it is hereby

**ORDERED**: That pursuant to 11 U.S.C. § 107(c)(1)(B) and Fed. R. Bankr. P. 9037, the Clerk of Court shall cause the following to be redacted from the Documents: (1) the Social Security Number of the Defendant, leaving only the last four digits thereon; (2) the preparer tax identification number of Donn Reilly, the Defendant's tax preparer, leaving only the last four digits thereon; (3) the employer identification number of Donn Reilly, CPA, the aforementioned tax preparer's firm, leaving only the last four digits thereon; (4) the employer identification number of Buckingham Advisors LLC (a business entity operated by the Defendant), leaving only the last four digits thereon; and (5) any other personal identification numbers of Defendant and Donn Reilly not described above; and it is further,

**ORDERED**: that, pursuant D. Conn. L. Civ. R. 5(e)(4) and subject to the redaction described above, the Clerk of Court shall otherwise (1) unseal the Documents currently filed on the docket and (2) unseal the record of the hearings before this Court on this matter and the Defendant's ability to pay sanctions.

**IT IS SO ORDERED** at Hartford, Connecticut this 18th day of November 2022.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut