**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>Richard P Simone,<br><br>    Debtor. | Chapter 7<br><br>Case No. 18-21993 (JJT) |
| Andrew Woolf, Andrew Katz,<br>and Elena Vagnerova,<br><br>    Plaintiffs,<br><br>v.<br><br>Richard P Simone,<br><br>    Defendant. | Adv. P. No. 19-02005 (JJT)<br><br>Re: ECF Nos. 695, 696, 699, 701, and 702 |

**MEMORANDUM OF DECISION DENYING**
**DEBTOR'S MOTION TO DISMISS COUNT VII OF PLAINTIFFS'**
**FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, FOR THE**
**BANKRUPTCY COURT TO ABSTAIN FROM EXERCISING JURISDICTION**

    **I.    INTRODUCTION**

Before the Court is the Motion to Dismiss Count VII of Plaintiffs' First Amended Complaint or, Alternatively, for the Bankruptcy Court to Abstain from Exercising Jurisdiction ("Motion," ECF No. 695) filed by the debtor–defendant, Richard P Simone ("Debtor"). In the Motion and his accompanying memorandum of law (ECF No. 696), the Debtor argues that this Court does not have subject matter jurisdiction to adjudicate Count VII of the First Amended Complaint (ECF No. 446), which seeks the entry of civil judgment under various Florida and Connecticut state laws. Alternatively, the Debtor requests that, should the Court find that it has

subject matter jurisdiction, it nonetheless must (or at least should) abstain from adjudicating Count VII.

The Debtor's arguments are premised in large part on this Court's grant of partial summary judgment ("Summary Judgment Decision," ECF No. 515) on Counts I through VI of the complaint, which sought to have certain debts owed to the Plaintiffs, Andrew Woolf, Andre Katz, and Elena Vagnerova, deemed nondischargeable and to deny the Debtor a discharge. The Debtor has appealed the Summary Judgment Decision to the District Court.

After the Plaintiffs failed to respond to the Motion, the Court ordered the parties to file supplemental briefs addressing:

> (1) whether this Court has been divested of jurisdiction over this adversary proceeding pending the Debtor's appeal of the Court's grant of partial summary judgment and denial of reconsideration of the same, and (2) whether disposition of the Motion to Dismiss Count [VII] (ECF No. 695) in this Adversary Proceeding should be granted by the Court absent a response thereto, or should it otherwise be stayed pending any disposition of the pending appeal by the District Court in the interests of justice and judicial efficiency.

(ECF No. 699). The parties filed their supplemental briefs on October 20, 2023 (ECF No. 701 and 702).

After reviewing the parties' submissions and the law, the Court first determines: (1) that it has jurisdiction over the adversary proceeding notwithstanding the Debtor's appeal of the Summary Judgment Decision, and (2) that both summary disposition due to the Plaintiffs' lack of response to the Motion and staying the adversary proceeding pending disposition of the appeal of the Summary Judgment Decision are inappropriate under the circumstances. On the merits of the Motion, the Court determines: (1) that it has subject matter jurisdiction over Count VII of the

First Amended Complaint and that the Debtor consented to final judgment and (2) abstention is unwarranted. The Court therefore DENIES the Motion.[1]

## II. JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over these proceedings under 28 U.S.C. § 1334(b),[2] and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## III. DISCUSSION

A. <u>This Court has jurisdiction over the adversary proceeding notwithstanding the appeal.</u>

Before addressing the substance of the Motion, the Court must first assure itself that it has jurisdiction. On October 5, 2023, the Court thus asked the parties in a scheduling order to address whether the Court has jurisdiction to adjudicate the Motion (ECF No. 699). The parties filed briefs on October 20, 2023 (ECF Nos. 701 and 702). In his brief, the Debtor argues that the Court does not have power to act in this adversary proceeding other than to enforce its orders and to act on the Motion. The Plaintiffs, meanwhile, assert that this Court has not been divested of jurisdiction at all because the Debtor's appeal of the Summary Judgment Decision is an impermissible interlocutory appeal. Despite this minimal agreement regarding the Court's ability to address the Motion, the Court must still assure itself of its jurisdiction before proceeding.

---

[1] In rendering this Memorandum of Decision, the Court assumes the parties' familiarity with the First Amended Complaint, the Summary Judgment Decision, and the Motion and its related filings.

[2] As it pertains to Count VII, the Court has—at a minimum—related to jurisdiction under 28 U.S.C. § 1334(b) for reasons that will be explained in part III.C of this Memorandum of Decision.

*United States v. Hays*, 515 U.S. 737, 742 (1995) ("federal courts are under an independent obligation to examine their own jurisdiction").

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the [appellate] court . . . and divests the [trial] court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). But "the filing of a notice of appeal only divests the district court of jurisdiction respecting the questions raised and decided in the order that is on appeal." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989).

Here, the Debtor has filed an appeal of the Summary Judgment Decision. Putting aside whether such an appeal is an improper interlocutory appeal, the Summary Judgment Decision did not address the questions raised in Count VII of the First Amended Complaint, namely: (1) whether the Debtor violated any of several Florida and Connecticut statutes, (2) whether those alleged violations could result in treble damages, punitive damages, and attorneys' fees and costs, and (3) whether any or all of those additional amounts would themselves be nondischargeable. Accordingly, this Court was not divested of jurisdiction to address the Motion.

B. <u>The Court will address the merits of the Motion now.</u>

In its October 5, 2023 scheduling order, the Court also directed the parties to address whether the Court should summarily grant the Motion because the Plaintiffs did not file a response and whether the Court, despite retaining jurisdiction to address the Motion, should nonetheless await disposition of the Debtor's appeal of the Summary Judgment Decision.

1. <u>Summary disposition is inappropriate.</u>

The Debtor argues that this Court cannot summarily grant the Motion and must address it on the merits. "Courts are generally prohibited from granting a motion to dismiss solely because

4

the plaintiff[s] failed to respond." *Mahmoud v. United States*, Case No. 18-CV-00485-JLS-MJR, 2021 WL 1700656, at *2 (W.D.N.Y. Apr. 6, 2021) (applying Second Circuit precedent regarding dismissals under Rules 12(b)(6) and (c) of the Federal Rules of Civil Procedure to Rule 12(h)(3)). Although this tenet does not appear to be ironclad, the Debtor's preference for a decision on the merits counsels against summarily granting the Motion.

    2.   <u>Staying the adversary proceeding pending appeal is inappropriate.</u>

As for whether the Court should stay the entire adversary proceeding pending disposition of the Debtor's appeal, the parties agree that this Court should not, albeit for different reasons. The Debtor, assuming the correctness of the Motion's arguments, wants dismissal of Count VII now rather than later. The Plaintiffs, meanwhile, assert that the factors generally considered in determining whether to stay pending appeal weigh in their favor.

Under Rule 8007 of the Federal Rules of Bankruptcy Procedure, the Court may suspend proceedings in a case pending disposition of an appeal. Fed. R. Bankr. P. 8007(a)(1)(D), (e)(1). In determining whether to issue a stay pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted).

Addressing these factors in turn, it should first be axiomatic that, given the Summary Judgment Decision, the Court does not believe that the Debtor will succeed on the merits of the appeal—assuming the District Court even addresses the merits. Second (and third), a stay is more likely to harm the Plaintiffs, who have waited years to bring finality to this saga, but will

not irreparably harm the Debtor. And, last, the public interest is close to neutral, but if it points anywhere it is to this case reaching its end. Although the Court asked the parties whether justice and judicial economy are best served by pausing this litigation, the parties do not think so and neither does this Court. The Court thus addresses the merits of the Motion.

    C.  <u>The Court has subject matter jurisdiction over Count VII.</u>

Pertaining to jurisdiction, the Debtor first contends that this Court lacks statutory authority to adjudicate Count VII. Specifically, he argues that Count VII does not arise under or in the bankruptcy case, nor is it a "related to" proceeding, meaning that this Court may not enter final judgment absent consent—which the Debtor has purported to withhold. He also argues that, because the Court has ruled in favor of the Plaintiffs on Count I through VI, rendering this a no-asset case with no estate to administer and no possibility of discharge, Count VII would only serve to benefit the Plaintiffs. The Court disagrees with the Debtor's contentions.[3]

The Court begins with the Debtor's argument that this Court lacks jurisdiction because Count VII is not related to the bankruptcy case. Specifically, he argues that this is a no-asset case in which the Debtor will not receive a discharge and Count VII will thus have no impact on the estate. In the Second Circuit, "a civil proceeding is related to a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *SPV Osus Ltd v. UBS AG*, 882 F.3d 333, 339–40 (2d Cir. 2018) (internal quotation marks omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 340 (internal quotation marks omitted) (quoting

---

[3] The Debtor also contends that this Court lacks supplemental jurisdiction to adjudicate Count VII, but this argument depends on the Court lacking primary jurisdiction over the count. Because the Court determines that it has authority to enter a monetary judgment in connection with finding debt nondischargeable and that the Debtor consented to such a judgment, it need not address supplemental jurisdiction.

*Celotex v. Edwards*, 514 U.S. 300, 308 n.6 (1995). Thus, the potential lack of an estate to liquidate and distribute to creditors does not matter at this juncture—a monetary judgment impacts the Debtor's rights and liabilities, placing Count VII squarely in the "related to" camp.[4]

As for whether a bankruptcy court can enter a monetary judgment in the context of a nondischargeability proceeding, courts have divided. 4 Collier on Bankruptcy ¶ 523.32 (noting split). On the one hand, at least one court has determined that, consistent with the Debtor's argument, there is no statutory grant of authority to enter a monetary judgment. *See generally First Omni Bank N.A. v. Thrall (In re Thrall)*, 196 B.R. 959 (Bankr. D. Colo. 1996). On the other hand, various circuit courts have held that bankruptcy courts have jurisdiction to enter monetary judgments. 4 Collier on Bankruptcy ¶ 523.32 (collecting cases); *see also Lang v. Lang (In re Lang)*, 414 F.3d 1191, 1202 (10th Cir. 2005) ("There is ample authority to support the proposition that bankruptcy courts can enter a monetary judgment.").[5] Among the cases cited by *Lang* is *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 163–65 (2d Cir. 1995), which although pertaining to claim allowance nonetheless affirmed the bankruptcy court's entering a money judgment under the principle that "once a court sitting in equity has jurisdiction over the parties to a controversy brought before it, the court can decide all disputed matters and decree complete relief." The Second Circuit's rationale in *Porges* applies with equal force here:

---

[4] The Debtor cites three cases supporting his argument that a denial of discharge determination strips this Court of subject matter jurisdiction. *See generally Surgical Capital Solutions, Inc. v. Awaisi (In re Awaisi)*, 627 B.R. 886 (Bankr. E.D. Mich. 2021); *Johnson v. Lovato (In re Jimenez)*, 627 B.R. 536 (Bankr. S.D. Fla. 2021); *Ng v. Adler (In re Adler)*, 494 B.R. 43 (Bankr. E.D.N.Y. 2013). All of these cases are inapposite because they address a situation where a discharge has been denied in a separate, final proceeding. Here, the Court has granted summary judgment as to Counts I through VI, but there is currently no separate final judgment that would render Count VII moot.

[5] The split in authority boils down to the fact that § 17(c) of the Bankruptcy Act of 1898 explicitly empowered courts to enter money judgments but the Bankruptcy Code does not. But, as noted by the Fifth Circuit, "the Code authorized bankruptcy courts generally to hear all core proceedings, including nondischargeability complaints, and to enter appropriate orders and judgments." *Morrison v. Western Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009) (citing 28 U.S.C. § 157(b)(1)). Labelling this approach "pragmatic," the Fifth Circuit elaborated: "Logically, the litigation necessary to prove nondischargeability also proves the basis for and amount of the debt. There would be no judicial efficiency in requiring the beneficiary of a nondischargeability judgment to pursue a separate lawsuit in state or federal court in order to secure a money judgment against the debtor." *Id.*

bankruptcy courts have subject matter jurisdiction to enter monetary judgments in nondischargeability proceedings.

Having subject matter jurisdiction, however, is not the end of the matter. The cases buttressing the doctrine that bankruptcy courts can enter monetary judgments predate *Stern*, which held that, although bankruptcy courts have statutory authority to enter judgment on counterclaims, they lack constitutional authority to do so. *Stern v. Marshall*, 564 U.S. 462, 469 (2011). The Supreme Court nevertheless later held that bankruptcy courts may adjudicate *Stern* claims with parties knowing and voluntary consent. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 669 (2015). Thus, if the Debtor here consented to Count VII, then this Court may adjudicate it.[6]

Although the Debtor stated that he does not consent to final judgment entering on Count VII in his Notice of No Consent (ECF No. 694) filed on August 23, 2023,[7] that is not the end of the inquiry. Rule 7012(b) of the Federal Rules of Bankruptcy Procedure states: "A responsive pleading shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy court." The Debtor's answer to the First Amended Complaint (ECF No. 444) was filed on November 10, 2020. Despite nine affirmative defenses, seven of which pertain exclusively to Count VII, there is no declaration regarding whether the Debtor consented to final judgment on Count VII.

In determining whether a party has consented to final judgment, "the key inquiry is whether the litigant or counsel was made aware of the need for consent and the right to refuse it,

---

[6] Although the statutory authority for entering a monetary judgment cited by the various decisions is 28 U.S.C. § 157(b)(1), as opposed to subsection (b)(2), which includes counterclaims, this Court need not determine whether the entry of a monetary judgment is strictly a *Stern* claim—it is enough to state that Count VII is a non-core claim that is otherwise related to this bankruptcy case. *See* 28 U.S.C. § 157(c)(2).

[7] This notice was filed fewer than twenty-three minutes prior to filing the Motion.

and still voluntarily appeared to try the case before the non-Article III adjudicator." *Wellness*, 575 U.S. at 685 (cleaned up). The Debtor's almost three years of silence on consent lead this Court to conclude that he impliedly consented to entry of final judgment on Count VII prior to filing the Notice of No Consent.[8] *See Men's Sportswear, Inc. v. Sasson Jeans, Inc. (In re Men's Sportswear, Inc.)*, 834 F.2d 1134, 1138 (2d Cir. 1987) (implied consent found where defendant had several opportunities to object to assumption of jurisdiction); *see also Graham v. Zeze Good Corp. (In re Village Red Restaurant Corp.)*, No. 18-10960 (MEW), 2021 WL 1132506, at *1 (Bankr. S.D.N.Y. Mar. 23, 2021) (party impliedly consent to entry of final order where, among other things, party ignored requirement of Rule 7012(b) to include statement concerning consent in responsive pleading). The Court declines to allow the Debtor to revoke this implied consent.[9]

D. Abstention is unwarranted.

Finally, the Debtor argues that should this Court find that it has subject matter jurisdiction over Count VII of the First Amended Complaint, it must (or at least should) abstain from adjudicating Count VII under 28 U.S.C. § 1334(c). The Court determines that it is neither required to abstain nor will it.

1. The Court is not required to abstain.

Under 11 U.S.C. § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this

---

[8] Alternatively, the Debtor's admission that this adversary proceeding is a core proceeding without any qualification (ECF No. 444 at ¶ 1) constitutes express consent for this Court to enter final judgment on all counts. *Richards v. Richards (In re Richards)*, No. CC-22-1241-GFL, 2023 WL 8537368, at *5 (B.A.P. 9th Cir. Dec. 11, 2023) (citing *Res. Funding, Inc. v. Pac. Cont'l Bank (In re Wash. Coast I, L.L.C.)*, 485 B.R. 393, 408 (B.A.P. 9th Cir. 2012)).

[9] Even if the Court is wrong about its ability to enter final judgment on Count VII, the Debtor's remedy lies not in dismissal but *de novo* review on appeal. *See* Fed. R. Bankr. P. 8018.1 ("If on appeal, a district court determines that the bankruptcy court did not have the power under Article III of the Constitution to enter the judgment, order, or decree appealed from, the district court may treat it as a proposed findings of fact and conclusions of law."); *see also Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 28 (2014).

> section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

"A party seeking mandatory abstention bears the burden of demonstrating that abstention is proper and must prove all the statutory requirements to prevail[.]" *Marah Woods Prods., LLC, v. Jones*, 534 B.R. 465, 474 (D. Conn. 2015). "[T]he right to require a bankruptcy court to abstain can be waived by a party who delays in making a motion for abstention." *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 776 (B.A.P. 10th Cir. 1997). Courts consider:

> (1) whether the movant moves as soon as possible after he or she should have learned the grounds for such a motion, (2) whether the moving party has already invoked the substantive process of the federal court on a matter going to the merits of the complaint, and in particular, moved for abstention only after receiving an unfavorable outcome, and (3) whether the granting of the motion would prejudice or delay the rights of others.

*Harlem Multifamily LLC v. Eight-115 Assocs., LLC (In re Eight-115 Assocs., LLC)*, 626 B.R. 383, 392 (Bankr. S.D.N.Y. 2021) (cleaned up).

The Plaintiffs moved to amend the complaint to include Count VII on August 17, 2020 (ECF No. 259). The Court granted that motion on October 14, 2020 (ECF No. 413), and the Plaintiffs filed the First Amended Complaint on November 23, 2020 (ECF No. 446). Although the Debtor argues that "[t]he abstention option was not actually apparent until the bankruptcy discharge was denied[,]" such is simply not true. Even assuming that the Summary Judgment Decision somehow severed Counts I through VI from Count VII, the Debtor did not need to wait until the Summary Judgment Decision was rendered before moving for abstention. Instead, the Debtor invoked the Court's substantive process by filing an answer that, among other things, interposed several affirmative defenses aimed squarely at Count VII. And, although the Plaintiffs were the parties that moved for summary judgment, that the Debtor waited until after receiving an unfavorable decision on the Summary Judgment Decision works against a finding of

timeliness.[10] Coupled with the prejudice that would befall the Plaintiffs should they be required to restart the state court litigation in Florida, obtain a judgment, and possibly return to this Court to seek its imprimatur vis-à-vis dischargeability, it is evident that the Debtor's Motion is not timely. Mandatory abstention is therefore waived.

    2. The Court declines to otherwise abstain.

Under 11 U.S.C. § 1334(c)(1), with an exception not relevant here:

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

"The analysis of a request for equitable remand under section 1452(b) and permissible abstention under section 1334(c)(1) is substantively the same." *Marah Wood Prods.*, 534 B.R. at 477. In determining whether to permissively abstain, courts consider:

> (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Id.* (internal quotation marks omitted).

Although the Debtor protests that there is no estate to administer, the first factor does not weigh in his favor, particularly because the Court may be required to reopen the case to examine any damages that might be found in a state court trial. And, despite the state laws underlying Count VII, the Debtor has not shown that these laws are difficult or unsettled, nor that comity would be offended by this Court adjudicating Count VII. As to relatedness to the main

---

[10] The Court recognizes that, if the Court denied summary judgment and then ultimately found the debt dischargeable, Count VII would be rendered moot. That potentiality, however, did not prevent the Debtor from filing a motion to abstain at an earlier juncture, which the Court could have stayed pending adjudication of Counts I through VI.

11

bankruptcy case, the case at this point is chiefly concerned with whether the Debtor will receive a discharge *and to what extent any debt is nondischargeable.* The Debtor has not invoked the right to a jury trial and he can hardly claim prejudice as an involuntarily removed defendant when he himself halted the Florida litigation by filing this bankruptcy case. In weighing these factors, the Court determines that permissive abstention is not warranted.

### IV.    CONCLUSION

For the foregoing reasons, the Motion is DENIED.

IT IS SO ORDERED at Hartford, Connecticut this 12th day of December, 2023.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut